**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5099
Non-Argument Calendar

_____

D.C. Docket No. 95-Cr-6124-WJZ

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/19/98
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO MAHIQUE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 19, 1998)

Before TJOFLAT and EDMONDSON, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Heriberto Mahique appeals his 188-month sentence imposed for conspiracy to possess cocaine with the intent to distribute.[1]

Mahique entered into a plea agreement with the government in which the government agreed not to oppose Mahique's request for a reduction of his base offense level based on acceptance of responsibility if he made a "full and accurate disclosure to the Probation Office of the circumstances surrounding the defendant's relevant conduct."[2] The government also agreed not to oppose Mahique's request to be sentenced under the safety-valve provision "if he is eligible, and the Court makes appropriate findings regarding the criteria . . . ."[3] Further, the government agreed not to oppose Mahique's request to be sentenced at the lower end of the applicable Guidelines range, but reserved the right to make a recommendation as to the quality and quantity of punishment and to inform the court and probation of all facts relevant to sentencing.

Mahique failed to appear at his original sentencing, and was sentenced only after he was arrested on a fugitive warrant in Mexico and extradited to the United States. Mahique made a full confession, but then attempted to retract part of his admissions during his interview for the presentence report. Based on Mahique's

---

[1] 21 U.S.C. § 846.

[2] R1-74 at 3.

[3] R1-74 at 4; 18 U.S.C. § 3553(f)(1)-(5).

fleeing the jurisdiction and altering his story, the government opposed a reduction for acceptance of responsibility and sentencing under the safety-valve provision. Mahique moved to withdraw his plea and to enforce the plea agreement, arguing that his plea was involuntary and that the government had breached the plea agreement.

Before imposing sentence, the district court asked Mahique and his attorney if they had anything to say, but neither requested sentencing at the low-end of the range. Based on the government's request, the district court sentenced Mahique at the high-end of the range finding that he had given perjured testimony. The parties said that there were no objections when asked by the district court after the imposition of sentence.

On appeal, Mahique asserts that the district court erred in not granting his motions to withdraw his plea or to enforce specifically the plea agreement, asserting that the government breached the plea agreement by opposing his request for a reduction for acceptance of responsibility and to be sentenced under the safety-valve provision of 18 U.S.C. § 3553(f). Mahique also asserts that the government breached the plea agreement by recommending that he be sentenced at the high-end of the applicable guideline range.

Whether the government has breached a plea agreement is a question of law that this court reviews de novo.[4] If, however, the district court affords a defendant an opportunity to object after the imposition of sentence, and he fails to do so, any objections to the sentence are barred absent manifest injustice.[5] This court equates the manifest injustice inquiry with review for plain error.[6]

Upon review of the presentencing report, the sentencing transcript, the plea agreement, the district court's order, and after considering the parties' briefs and the relevant law, we find no reversible error.

The government did not breach the plea agreement. The government's promise not to oppose Mahique's request for a reduction of sentence was conditioned on Mahique making a full and accurate disclosure to probation, which Mahique did not do. In the plea agreement the government preserved its right to support the probation recommendation regarding acceptance of responsibility, and did so by opposing any reduction. Further, the government had a right to oppose Mahique's

---

[4] United States v. Carlson, 87 F.3d 440, 447 (11th Cir. 1996), cert. denied, _ U.S. _, 118 S.Ct. 238, 139 L.Ed.2d 169 (1997).

[5] United States v. Jones, 899 F.2d 1097, 1103 (11th Cir.), cert. denied, 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), overruled on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993).

[6] United States v. Newsome, 998 F.2d 1571, 1579 (11th Cir. 1993), cert. denied, 510 U.S. 1062, 114 S.Ct. 734, 126 L.Ed.2d 698 (1994).

4

request for a reduction based on his less than full and accurate disclosure to probation and his flight from jurisdiction.[7]

The government's promise in the plea agreement not to oppose Mahique's request to be sentenced under the safety-valve provision was conditioned on him being eligible for the provision and the district court finding that he met all criteria for application of the provision. The fifth criteria of the safety-valve provision requires that the defendant truthfully provide to the government all information and evidence he has regarding the offense.[8] Because the government argued that Mahique was ineligible for the safety-valve provision since he did not meet the criteria--a condition of the plea agreement--there was no breach.[9]

We conclude that the government's opposition to a reduction for acceptance of responsibility and sentencing under the safety-valve provision did not constitute a breach of the plea agreement. Because Mahique never requested to be sentenced at the low-end of the sentencing range, the government's recommendation

---

[7] United States v. Ashurst, 96 F.3d 1055, 1057 (7th Cir. 1996) (plea agreement does not obligate the government to recommend acceptance of responsibility when defendant committed offense when on release pending sentencing); also see United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994) (district court is authorized to consider subsequent criminal conduct, even if unrelated, in determining whether a decrease for acceptance of responsibility is appropriate).

[8] 18 U.S.C. § 3553(f)(5).

[9] United States v. Ajugwo, 82 F.3d 925, 928-929 (9th Cir. 1996), cert. denied, _ U.S._, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997).

that Mahique be sentenced at the high-end of the sentencing range was not a breach of the plea agreement.

**AFFIRMED.**