[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

No. 04-13439
Non-Argument Calendar

_____

D.C. Docket Nos. 90-00797-CR-KLR
90-00798-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MIGUEL ORTIZ,
a.k.a. Flaco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Carlos Miguel Ortiz ("Ortiz"), a pro se federal prisoner serving concurrent 360-month sentences for conspiring to import cocaine and conspiring to possess cocaine with intent to distribute, appeals the denial of his post-judgment motion to compel the government to file a Fed.R.Crim.P. 35(b) motion for reduction of his sentence. On appeal, Ortiz argues that the district court abused its discretion in denying his motion without a hearing. He maintains that he has provided substantial assistance to the government, but nevertheless, the government refuses to move for the sentence reduction it promised because it suspects him of hiding assets. He asserts that the government's unwillingness to request a sentence reduction is the result of bad faith, and he also maintains that the district court denied him due process of law when it refused to grant him an evidentiary hearing.

Ortiz also argues that the government breached the terms of his plea agreement when it failed to moved for a sentence reduction. He argues that the government's failure to mention its dissatisfaction with his financial disclosures, while nevertheless continuing to solicit assistance from him, indicates that it was acting in bad faith.

We review de novo whether the district court can compel the government to make a substantial assistance motion. United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993). We review the district court's denial of an evidentiary hearing

for an abuse of discretion. United States v. Gay, 251 F.3d 950, 951 (11th Cir. 2001). We review de novo the issue of "[w]hether the government has breached a plea agreement." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998).

Pursuant to U.S.S.G. § 5K1.1, a district court may impose a sentence below the minimum required under the guidelines if the government files a "substantial assistance" motion when the defendant is sentenced. U.S.S.G. § 5K1.1. Federal Rule of Criminal Procedure 35(b) provides that, after a sentence has been imposed, upon motion of the government, a district court may reduce a defendant's sentence below the statutory minimum based on substantial assistance. Fed.R.Crim.P. 35(b).

In Forney, the defendant's plea agreement vested the decision of whether the defendant's cooperation amounted to substantial assistance solely with the government. We held that the government did not breach the plea agreement by failing to move for a downward departure based upon substantial assistance, because the plea agreement only stated that the government would consider whether the defendant's aid amounted to substantial assistance and that such determination was solely the government's. Forney, 9 F.3d at 1499-1501. We stated that, in the context of 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the government has "'a power, not a duty, to file a motion when a defendant has

substantially assisted.'" Id. at 1500 (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)).

In Wade, the Supreme Court held that "federal courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion." Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. Id. at 186, 112 S.Ct. at 1844. Thus, judicial review is appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Forney, 9 F.3d at 1502.

In the instant case, Ortiz's claim is without merit, because he has failed to allege an unconstitutional motive for the government's decision not to file a motion for a reduction in his sentence. See Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44. Ortiz alleged that the district court denied him due process of law by refusing to grant him an evidentiary hearing, but this constitutional claim concerned the district court's decision, and did not attribute the government's decision not to request a sentence reduction on his behalf to an unconstitutional

4

motive, such as race or religion.  Id. at 185-86, 112 S.Ct. at 1843-44.  In regard to the government, Ortiz made only general allegations of bad faith.  In light of Ortiz's failure to allege an unconstitutional motive, the district court did not abuse its discretion by refusing to hold an evidentiary hearing on the matter.  See id. at 186, 112 S.Ct. at 1844.

Finally, although Ortiz maintains that the government breached the plea agreement by declining to request a reduction in his sentence, this claim is unconvincing, because the plea agreement provided only for the possibility that the government might, in its sole discretion, file such a motion.  See Forney, 9 F.3d at 1499-1500.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.  Accordingly, we affirm the district court's denial of Ortiz's motion.

**AFFIRMED.**