[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10284
Non-Argument Calendar

_____

D. C. Docket No. 01-00251-CR-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN LEMOYNE LACEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 7, 2005)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Adrian LeMoyne Lacey, a federal prisoner serving a 63-month sentence for

possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), appeals *pro se* the denial of his post-judgment motion to compel the government to file a Rule 35(b) motion for reduction of his sentence. On appeal, Lacey argues that the government breached his plea agreement by refusing to file a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure to reduce his sentence after he allegedly offered the government substantial assistance in the apprehension of a fugitive. Lacey claims that the government refused to file the motion because of his race.[1] We find no error, and affirm his sentence.

Although the government argues that Lacey waived the right to collaterally attack his sentence when he entered into the plea agreement, we have previously considered appeals alleging government breach of a plea agreement despite appeal waivers. See United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004). Thus, we conclude that we may consider this appeal.

We review de novo whether the district court can compel the government to make a substantial assistance motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993). The question whether the government has breached a plea agreement is also subject to de novo review. United States v. Mahique, 150 F.3d

---

[1] Nine days after the government filed its brief in this appeal, Lacey filed a motion for leave to supplement his brief. Because this motion was filed within the 14-day time limit for filing a reply brief, we have construed his motion as a reply brief. See Fed.R.App.P. 31(a)(1).

1330, 1332 (11th Cir. 1998). After a defendant has been sentenced, Rule 35(b) permits the district court, upon motion of the government, to reduce the sentence for substantial assistance. Fed.R.Crim.P. 35(b). The government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" Forney, 9 F.3d at 1500 (quoting Wade v. United States, 504 U.S. 181, 185 (1992)). In Wade, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," such as in a case where the refusal was "because of the defendant's race or religion." Wade, 504 U.S. at 185-86. A defendant must make not only an allegation, but also a "substantial showing" that the refusal was based on such constitutionally impermissible grounds. Forney, 9 F.3d at 1502.

We find that Lacey failed to make a substantial showing of unconstitutional motive. Lacey alleges that he provided the government with substantial assistance and the government refused to file a Rule 35 motion because he is African-American. In support of this argument, he claims that the prosecutor who handled his case had discriminated against three other African-American defendants, and that a similarly situated white defendant had received a downward departure based on substantial assistance. The allegations of discrimination were conclusory and

3

unsubstantiated. Furthermore, unlike the white defendant, Lacey had failed a polygraph test.[2] Thus, Lacey and the white defendant were not similarly situated.

We also find no breach of the plea agreement, which gave the government the discretion to decide whether or not to file a substantial assistance motion. In this case, the district court found that the government had refused to file the motion because Lacey failed the polygraph examination. The government was not required to file a substantial assistance motion, and acted within its discretion in refusing to file the motion on these grounds.

Because we find no reversible error, we affirm Lacey's sentence.

**AFFIRMED.**

---

[2]The terms of Lacey's plea agreement required Lacey to submit to the polygraph examination, which sought to determine whether Lacey had information regarding the shooting death of his pregnant girlfriend.