[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10123
Non-Argument Calendar
_____

D. C. Docket No. 02-00035-CR-06-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE DEWAYNE GILMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 6, 2005)

Before ANDERSON, BLACK and FAY, Circuit Judges.

PER CURIAM:

Eddie DeWayne Gilmore, a federal prisoner proceeding pro se, appeals the district court's order denying his motion to compel the government to file a motion to reduce his sentence, pursuant to Fed.R.Crim.P. 35(b).[1] Gilmore argues on appeal that the district court erred in denying this motion because (1) the government acted in bad faith in not filing such a motion, and (2) the court ignored the fact that the government had a contractual obligation, pursuant to the terms of its plea agreement with him, to file such a motion. For the reasons set forth more fully below, we affirm.

In September 2004, Gilmore filed a pleading titled "motion to compel specific performance by the government with respect to its failure to file a Rule 35(b) sentence[-]reduction motion." Gilmore asserted in this Rule 35(b) motion that, in 2002, while he was being held in South Texas on separate criminal charges, he met with Special Agent Pete Conally of the Federal Bureau of Investigations ("FBI") and Assistant U.S. Attorney Lisa Tarvin. During this meeting, Gilmore

_____

[1] Because Gilmore filed his notice of appeal ("NOA") on December 29, 2004, more than ten days after October 15, 2004, when the district court entered its order denying his Rule 35(b) motion, we previously determined that his NOA was untimely. See Fed.R.App.P. 4(b) (setting ten-day time limit). However, because Gilmore's NOA reflected that he delivered it to prison officials for mailing on November 29, 2004, pursuant to Fed.R.App.P. 4(c), and because delivery on this date was within the additional 30-day period permitted for an extension of time to appeal if the court found excusable neglect or good cause, pursuant to Fed.R.App.P. 4(b)(4), we remanded the case for the district court to determine whether: (1) Gilmore's NOA was delivered to prison officials on November 29, 2004, and (2) excusable neglect or good cause existed. On remand, the district court determined both of these questions in the affirmative and concluded that Gilmore's NOA was timely.

2

discussed his criminal involvement with Enrique Santana, along with expressing his willingness to cooperate with the government. In November 2003, after Gilmore was sentenced in the instant case, he was transported to a different facility for the purpose of testifying at Santana's trial. While waiting for this trial to commence, Gilmore again met with Special Agent Conally and Assistant U.S. Attorney Tarvin to prepare his testimony.

Gilmore further alleged that, although Santana ultimately decided to plead guilty, (1) Special Agent Conally informed Gilmore that his presence and availability for trial had provided the government with "the leverage necessary to get [the] guilty plea," and (2) both U.S. Attorney Tarvin and Special Agent Conally told him that he would receive a Rule 35(b) sentence reduction. However, in June 2004, Gilmore's attorney informed him that Assistant U.S. Attorney Tarvin had stated that she did not intend to file a Rule 35(b) motion.

Citing to non-binding authority, Gilmore argued in his Rule 35(b) motion that, although the government had discretion in deciding whether to file a Rule 35(b) motion, this discretion was limited by "an obligation of good faith and fair dealings." Gilmore also generally contended that federal courts have authority to review the government's refusal to file a substantial-assistance motion if that refusal was based on an unconstitutional motive. As relief, Gilmore sought either

3

an order compelling the government to file a Rule 35(b) motion, or a written statement explaining its reasons for not doing so.

Prior to Gilmore's filing this Rule 35(b) motion, he had entered into a plea agreement, whereby he agreed to plead guilty to conspiracy to distribute and possess with intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii) & 846. As part of this plea agreement, the parties agreed as follows:

> The [g]overnment agrees to make the extent of the defendant's cooperation known to the sentencing court and to recommend that the defendant be sentenced at the lowest end of the applicable sentencing guideline range. In addition, if the cooperation is completed before sentencing and the [g]overnment determines that such cooperation qualifies as 'substantial assistance' pursuant to [18 U.S.C. § 3553(e) and/or U.S.S.G. § 5K1.1], the [g]overnment will consider whether to file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the [g]overnment determines that such cooperation qualifies as 'substantial assistance' pursuant to [Rule 35(b)], the [g]overnment will consider whether to file a motion for reduction of sentence. In either case, the defendant understands that the determination as to whether he has provided 'substantial assistance' rests solely with the [g]overnment. Good faith efforts by the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion.

During Gilmore's plea colloquy, the district court also verified that Gilmore had (1) read this plea agreement, (2) entered into the agreement freely and voluntarily, (3) not been promised anything other than what was contained in the written

4

agreement, and (4) not been threatened or coerced into pleading guilty. The court, thereafter, accepted Gilmore's guilty plead and adjudicated him guilty.

In May 2003, at sentencing, the court determined that Gilmore's guideline range was 135 to 168 months' imprisonment. The government then moved for a downward departure, pursuant to U.S.S.G. § 5K1.1, based on Gilmore's providing the government with information about his criminal involvement with Santana and his agreeing to testify against Santana. The court granted this motion and departed three levels, resulting in a new guideline range of 97 to 121 months' imprisonment. The court then sentenced Gilmore to 97 months' imprisonment and 5 years' supervised release. Although Gilmore filed an NOA from this sentence, we granted Gilmore's subsequent motion for voluntary dismissal of this appeal.

After Gilmore filed the instant Rule 35(b) motion, the government responded that the motion should be denied because Gilmore had failed to show, or even allege, that the government's decision not to file a Rule 35(b) motion was based on an unconstitutional motive. The government concluded that, absent such a showing, it was not required to explain its reasons for not filing a substantial-assistance motion, and the district court lacked the authority to review the government's decision. Accepting this argument, the district court denied Gilmore's motion to compel the government to file a Rule 35(b) motion. The court

5

explained that, although Gilmore had asserted that the government had acted in bad faith in refusing to file a Rule 35(b) motion, a general allegation of bad faith was insufficient to establish that the government's decision was based on an unconstitutional motive.[2]

As discussed above, Gilmore argues on appeal that the district court erred in denying his motion to compel the government to file a Rule 35(b) motion because the court ignored the fact that the government had a contractual obligation to honor the terms of their plea agreement.[3]  In raising this argument, Gilmore concedes that the Supreme Court held in Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), that a district court may not review the government's refusal to file a substantial-assistance motion unless a defendant makes a substantial showing that the government was acting with an unconstitutional

---

[2]  After the court entered its order denying Gilmore's motion to compel, but apparently before Gilmore received a copy of this order, Gilmore filed a reply to the government's response to his motion to compel.  Gilmore argued in this reply, among other things, that the government, in not filing the Rule 35(b) motion, had violated the terms of Gilmore's plea agreement.

[3]  Gilmore also has attached to his brief copies of documents not in the record on appeal, including (1) letters Gilmore wrote the Assistant U.S. Attorney Tarvin and the district court; (2) a response letter from the district court; and (3) Gilmore's affidavit, attesting to the cooperation that he believes justifies a Rule 35(b) reduction in his sentence.  However, because Gilmore did not seek leave to supplement the record with these documents, we will not consider them.  See Jones v. White, 992 F.2d 1548, 1566-67 (11th Cir. 1993) (explaining that, although "[t]his [C]ourt's inherent equitable powers allow it to supplement the record with information not reviewed by the district [court]," it "[has] not allowed supplementation when a party has failed to request leave of this [C]ourt to supplement a record on appeal or has appended material to an appellate brief without filing a motion requesting supplementation").

motive.  Gilmore, however, asserts that (1) Wade did not involve a plea agreement, and (2) the record in this case shows that the government acted in bad faith in not filing a Rule 35(b) motion.  Gilmore, thus, contends that this Court is bound by the Supreme Court's holding in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), that promises by the government in reaching a plea agreement must be fulfilled.[4]

Rule 35(b) is the mechanism by which a district court may, on the government's motion, reduce a defendant's sentence to reflect substantial assistance provided by the defendant to the government after sentencing.  Rule 35(b) specifically provides:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably

---

[4]  To the extent Gilmore asserts for the first time in his reply brief that the government violated their plea agreement by not notifying the court of the "nature and extent" of Gilmore's cooperation, we deem this argument waived.  See United States v. Nealy, 232 F.3d 825, 830-31 (11th Cir. 2000) (holding that an argument not raised in an appellant's opening brief is deemed waived).  Regardless, a review of the plain language in the parties' plea agreement reflects that the government's promise "to make the extent of the defendant's cooperation known to the sentencing court and to recommend that the defendant be sentenced at the lowest end of the applicable sentencing guideline range" only applied to Gilmore's sentencing hearing.

apparent to the defendant.

Fed.R.Crim.P. 35(b)(2). We review de novo whether the district court may compel the government to file a substantial-assistance motion. United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993).

The Supreme Court, however, has concluded that federal district courts only have authority to review the government's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44 (addressing government's refusal to file a pre-sentencing substantial-assistance motion under U.S.S.G. § 5K1.1). The Supreme Court also explained in Wade that a defendant cannot show that he is entitled to a remedy, discovery, or even an evidentiary hearing, either by claiming generally that he provided substantial assistance, or by making "additional but generalized allegations of improper motive." Id. at 186, 112 S.Ct. at 1844.

Applying the Supreme Court's holding in Wade, we have concluded that "courts are precluded from intruding into prosecutorial discretion," except where there is "an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." Forney, 9 F.3d at 1501-02 (emphasis in

8

original).  We also have explained that "[t]he substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts."  United States v. Orozco, 160 F.3d 1309, 1316 (11th. Cir. 1998) (quotation omitted).  Indeed, we reasoned in Orozco that "[t]he substantial assistance business is inherently risky.  When a defendant first decides to cooperate there is no guarantee that the government will ultimately deem his assistance 'substantial.'" See id. at 1316 n.10.

Furthermore, we concluded in Nealy that the defendant's argument, that the government could not refuse to file a substantial-assistance motion for "reasons other than the nature of [the defendant's] substantial assistance," was not supported by Wade, and it was contrary to the "broad grant of prosecutorial discretion recognized by this [C]ourt."  Nealy, 232 F.3d at 831.  Accordingly, even though the government conceded in Nealy that the defendant's assistance had been substantial, in the absence of an unconstitutional motive, we refused to review the government's decision not to file a motion for a reduction of the defendant's sentence.  Id.[5]

---

[5]  In Wade, the Supreme Court stated that the defendant "would be entitled to relief if the prosecutor's refusal to move [for a substantial-assistance reduction in his sentence] was not rationally related to any legitimate [g]overnment end."  See Wade, 504 U.S. at 186, 112 S.Ct. at 1844.  Other than rejecting the defendant's argument in Nealy that the government may not refuse to file a substantial-assistance motion for "reasons other than the nature of [the defendant's] substantial assistance, we have not addressed this additional potential ground for relief.  Regardless, Gilmore has waived any arguments on this issue by failing to raise it in his

Gilmore did not allege that the government failed to file a Rule 35(b) motion based on an unconstitutional motive. Moreover, to the extent Gilmore, instead, relied on evidence supporting his claim that his assistance to the government was substantial, or on general allegations of improper motive, these allegations also were insufficient to justify judicial review. See Wade, 504 U.S. at 186, 112 S.Ct. at 1844; see also Nealy, 232 F.3d at 831. Thus, in the absence of an unconstitutional motive, the district court did not err in refusing to review the government's failure to file a Rule 35(b) motion.

As discussed above, Gilmore also is arguing that, regardless of the Supreme Court's holding in Wade, the district court should have granted his motion to compel the government to file a Rule 35(b) motion because the government's decision not to file a Rule 35(b) was in breach of the parties' plea agreement. We generally review de novo the legal question of "[w]hether the government has breached a plea agreement." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). However, when a defendant raises an argument for the first time on appeal, our review only is for plain error. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). "Under plain error review, which is authorized by Fed.R.Crim.P. 52(b), federal appellate courts have only a limited power to correct

initial brief. See Nealy, 232 F.3d at 831.

errors that were forfeited because they were not timely raised in the district court."

Id. at 1270-71 (internal quotations and marks omitted). Thus, we

> may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights . . .. Even then, [this Court] will exercise [its] discretion to rectify the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Id. at 1271 (internal quotations and marks omitted).

Gilmore did not raise this argument in the district court, except in a reply brief that he filed after the court issued its order denying his motion to compel the government to file a motion to reduce his sentence. We, however, need not determine whether Gilmore's inclusion of this argument in his untimely reply brief properly preserved it because, under both plain-error and de novo review, no reversible error occurred.

The Supreme Court concluded in Santobello, that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." See Santobello, 404 U.S. at 262, 92 S.Ct. at 499. Nevertheless, in applying Santobello to a plea agreement where the government agreed only "to consider" filing a § 5K1.1 motion, we concluded in Forney that the government did not breach the terms of the plea agreement when it ultimately decided not to file a

11

§ 5K1.1 motion. See Forney, 9 F.3d at 1499-1500 n.2.

Similar to the facts in Forney, Gilmore's plea agreement only contained the government's promise to consider filing a § 5K1.1 motion or a Rule 35(b) motion, dependent on when Gilmore provided cooperation. The district court also did not accept Gilmore's plea until it verified that Gilmore had (1) read the plea agreement, (2) entered into the agreement freely and voluntarily, (3) not been promised anything other than what was contained in the written agreement, and (4) not been threatened or coerced into pleading guilty. Moreover, prior to sentencing, the government moved the district court to depart downward, pursuant to U.S.S.G. § 5K1.1, based on Gilmore's substantial assistance pre-sentencing. Thus, despite that the government did not move for a further reduction in Gilmore's sentence based on cooperation Gilmore asserts he provided post-sentencing, Gilmore has not shown that the government failed to consider this cooperation—the only thing promised him in the plea agreement. See Forney, 9 F.3d at 1499-1500 n.2.

Accordingly, we conclude that Gilmore failed to show either that the government acted with an unconstitutional motive, or that it breached the parties' plea agreement in not filing a Rule 35(b) motion. We, therefore, affirm.

**AFFIRMED.**