[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 11, 2005
THOMAS K. KAHN
CLERK

No. 05-11581
Non-Argument Calendar

_____

D. C. Docket No. 04-00091-CR-003

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS SELTZER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 11, 2005)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Darius Seltzer appeals his convictions for (1) interference with

commerce by threats or violence, in violation of 18 U.S.C. § 1951(a), and (2) use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Seltzer argues that, because he provided substantial assistance to the government in its prosecution of his co-conspirators, the government breached its plea agreement with him by not moving for a downward departure to his sentence pursuant to U.S.S.G. § 5K1.1. Alternatively, Seltzer claims that, as a result of the decision of the Supreme Court in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court had the authority to grant this departure in its discretion, and it erred in not so doing. In advancing these arguments, Seltzer acknowledges our decision in *United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993), stating that appellate review of the government's decision not to recommend a downward departure is appropriate only when the defendant alleges that the government's decision resulted from an unconstitutional motive, but asserts that his case is factually distinguishable from *Forney*.

The government argues that Seltzer waived the right to appeal his sentence when he entered into the plea agreement. In this case, however, Seltzer is not appealing his sentence, but rather, is arguing that the government breached its plea agreement with him. We have previously considered appeals alleging government

2

breach of a plea agreement despite sentence appeal waivers. *See United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). Thus the government's argument is meritless and we may consider this appeal.

We review *de novo* the issue of "[w]hether the government has breached a plea agreement." *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998). In *United States v. Crawford*, 407 F.3d 1174 (11th Cir. 2005), a post-*Booker* decision, we made clear that a motion from the government is required before a district court may depart downward from the guideline range in determining a defendant's sentence, stating:

> The Guidelines allow for a downward departure "upon motion of the government" if the defendant provided substantial assistance to the government. *A sentencing court cannot depart from an advisory guideline range absent a motion from the government.* Because the government did not file a substantial assistance motion, any assistance [the defendant] might have provided the government was not a permissible ground for a downward departure in calculating an advisory guideline range.

*Id.* at 1182 (internal citations omitted and emphasis added). In explaining our role concerning review of the government's decision not to file a substantial assistance motion, we have reasoned that "judicial review [of the government's decision not to file a U.S.S.G. § 5K1.1 motion] is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance

3

motion because of a constitutionally impermissible motivation, such as race or religion." *Forney*, 9 F.3d at 1502 (emphasis omitted).

Because Seltzer's plea agreement did not contain a promise by the government to move for a downward departure, and Seltzer has failed to articulate an unconstitutional motive behind the government's decision not to move for a downward departure, Seltzer's convictions are affirmed.

**AFFIRMED.**