[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11317
Non-Argument Calendar
_____

D. C. Docket No. 03-00012-CR-02-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTIN PENALOZA-ZARATE,
a.k.a. Guadalupe Ortiz-Dominguez,
a.k.a. David Espinosa,
a.k.a. Paisa,
a.k.a. The Skinny Man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 13, 2006)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Augustin Penaloza-Zarate, proceeding pro se, appeals the denial of his motion for modification of his sentence, filed pursuant to 18 U.S.C. § 3582(c) and Rule 35(b) of the Federal Rules of Civil Procedure. He argues that the district court erred by denying his motion in which he argued the government breached its plea agreement with him when it did not file a substantial-assistance motion, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. He also claims the government breached its obligations under the plea agreement by not recommending that he receive a seven-year sentence and that all of his sentences be served concurrently. We affirm.

"Whether the government has breached a plea agreement is a question of law that we review de novo." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). We also review de novo whether the government can be compelled to make a substantial-assistance motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993) (reviewing the government's refusal to file a U.S.S.G. § 5K1.1 motion).

Rule 35(b) provides that upon the government's motion, the district court may reduce a defendant's sentence if, after sentencing, he provided substantial assistance. Fed. R. Crim. P. 35(b). We will not review the government's decision

to file, or not to file, a substantial-assistance motion in the absence of an unconstitutional motive. <u>Forney</u>, 9 F.3d at 1501-02.

Contrary to Penaloza-Zarate's claims on appeal, our review of the plea agreement reveals <u>no</u> provisions indicating that the government would recommend either a seven-year sentence or concurrent sentences, nor was there any mention, during the guilty plea hearing, that the government agreed to recommend a seven-year sentence or concurrent sentences. Moreover, Penaloza-Zarate failed to allege that he provided substantial assistance <u>after</u> sentencing, which, by the plain terms of Rule 35(b), is a prerequisite to the government's filing of a substantial-assistance motion. Finally, on appeal, he has not alleged an unconstitutional motive, on the government's part, for not filing the motion. For all of these reasons, we affirm the denial of relief.

**AFFIRMED**.