[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11111
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00389-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR MINUTI-BARRIENTOS,
a.k.a. David Camacho,
a.k.a. Mauricio Leon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 28, 2006)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Oscar Minuti-Barrientos ("Minuti") appeals his conviction and 120-month sentence for illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326 (a) and (b)(2). On appeal, Minuti argues that the government breached its plea agreement by recommending a sentence at the sentencing hearing, and, therefore, we should remand this case for resentencing before a different judge. Minuti contends, without discussion, that the appropriate standard of review is *de novo*.

Generally, the issue of whether the government breached a plea agreement is a question of law reviewed *de novo*. *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998). However, if "the district court affords a defendant an opportunity to object after the imposition of sentence, and he fails to do so, any objections to the sentence are barred absent manifest injustice. [We] equate [] the manifest injustice inquiry with review for plain error." *Id*. Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir. 2005). If these three prongs are met, we may exercise discretion to notice this error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1329. For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court

proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993).

When the government breaches a plea agreement, a defendant is to be afforded two available remedies: (1) specific performance of the government's promise; or (2) the withdrawal of his guilty plea. *See Santobello v. New York*, 404 U.S. 257, 262-63, 92 S. Ct. 495, 499 (1971). The choice of remedy is within the court's discretion. *See United States v. Williams*, 169 Fed. Appx. 548, 554 (11th Cir. 2006) (unpublished).

Although it is clear from the record that the government breached the plea agreement during the sentencing hearing, Minuti failed to properly preserve the issue. Minuti did not request the district court to afford him either available remedy. Instead, he told the court that he wished to proceed with the sentencing hearing. Because Minuti opted to proceed with sentencing, and because the district court made a specific finding that the government's comments were not going to affect her decision concerning Minuti's sentence, we conclude there is no plain error. See *United States v. Forney*, 9 F.3d 1492, 1503-04 (11th Cir. 1993) (refusing to find plain error where the defendant did not preserve objection, and there was no effect on the defendant's sentence).

Accordingly, we affirm Minuti's conviction and sentence.

**AFFIRMED.**