[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 7, 2007
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 06-14754
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 06-20137-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY BOATWRIGHT,

Defendant-Appellant.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-------------------------------------------------------------------

**(November 7, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jeffrey Boatwright appeals his sentence of 205

months' imprisonment for conspiracy to affect commerce by robbery, 18 U.S.C. §

1951(a), and possession of a firearm in furtherance of a crime of violence, 18

U.S.C. § 924(c)(1)(A).[1]  No reversible error has been shown; we affirm

Boatwright's sentence.  But we vacate and remand for the limited purpose of

correcting a clerical error in the judgment.

Boatwright entered into a plea agreement with the government in this case;

and he argues that the government breached the plea agreement because the

government did not recommend to the district court that Boatwright receive a

reduction in his offense level for acceptance of responsibility.  Because

Boatwright did not raise this issue before the district court, we review his claim

only for manifest injustice.  See United States v. Mahique, 150 F.3d 1330, 1332

(11th Cir. 1998).  We equate the manifest injustice inquiry with review for plain

error.  See id.  Under plain error review, we may not correct an error unless

Boatwright establishes "(1) error, (2) that is plain, and (3) that affects substantial

rights."  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005)

(internal quotation omitted).  "If all three conditions are met, [we] may then

exercise [our] discretion to notice a forfeited error, but only if (4) the error

seriously affects the fairness, integrity, or public reputation of judicial

---

[1]Boatwright's total sentence resulted from a sentence of 121 months' imprisonment for his robbery offense and a consecutive sentence of 84 months' imprisonment for his firearm offense.

proceedings." Id. (internal quotation omitted); see also United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) (explaining that "our power to review for plain error is limited and circumscribed").

The government did not breach the plea agreement with Boatwright. The plea agreement stated that the government would not recommend a sentence reduction for acceptance of responsibility if, among other reasons, Boatwright did not make an accurate and complete disclosure to the probation office of the circumstances surrounding his relevant conduct. At sentencing, Boatwright explained that he received approximately $1.4 million dollars as his share of the proceeds of the robbery in this case and that most of this money was spent on drugs, clubs, strippers, being "goug[ed]" by a jewelry salesman, paying ransom after he was kidnapped, and being robbed by persons who knew that he was holding a large amount of cash.

The government explained that Boatwright also gave a share of his robbery proceeds to a Santeria priest, which Boatwright admitted; but when asked for information about how to locate the priest, Boatwright explained that he only knew the priest's first name as Eduardo or Eddie and that he did not know where Eduardo could be found or his last known address. Boatwright did not fully disclose all information about his relevant conduct; and mindful that we apply

plain error review to this issue, we reject Boatwright's contention that the government breached the plea agreement by failing to recommend that Boatwright receive a sentence reduction for acceptance of responsibility.

Boatwright next asserts that the district court committed clear error in denying him a three-level reduction in his offense level for acceptance of responsibility. He acknowledges that his plea agreement contained a sentence appeal waiver provision that would prohibit his appeal of this issue; but Boatwright contends that he did not knowingly and voluntarily enter into the appeal waiver because the government did not fulfill its promise to recommend an acceptance-of-responsibility reduction.

We review de novo the knowing and voluntary nature of a sentence appeal waiver. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). A defendant's waiver of his right to appeal must be knowing and voluntary; to enforce the waiver "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . ., or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351.

Here, the district court asked Boatwright whether he understood that, as part of his plea agreement, he was giving up his right to appeal his sentence except

under the limited circumstances that were specified in the plea agreement, and the district court read the specified circumstances to Boatwright. Boatwright informed the district court that he understood the waiver provision; and we conclude that Boatwright knowingly and voluntarily waived the right to appeal his sentence.

Although we affirm Boatwright's sentence, we note that the judgment contains a clerical error. The judgment incorrectly lists the statute associated with Boatwright's offense of conspiracy to affect commerce by robbery as 18 U.S.C. § 951(a), instead of 18 U.S.C. § 1951(a). Neither party raised this issue; but we may raise the issue of a clerical error in the judgment <u>sua</u> <u>sponte</u> and vacate and remand with instructions that the district court correct the error. <u>See</u> <u>United States v. Massey</u>, 443 F.3d 814, 822 (11th Cir. 2006). Therefore, although we affirm Boatwright's sentence, we vacate and remand for the limited purpose of correcting the clerical error in his judgment.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED.**