[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10339
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20277-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO REYES-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 3, 2007)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jose Antonio Reyes-Rodriguez appeals his sentence of imprisonment for 51

months following a plea of guilty to unlawful reentry to the United States after deportation. See 18 U.S.C. § 1326(a), (b)(2). Reyes-Rodriguez presents three arguments on appeal. First, he argues that the government breached the plea agreement by not recommending a sentence at the low end of the advisory Sentencing Guidelines. Second, Reyes-Rodriguez argues that his sentence is unreasonable. Third, Reyes-Rodriguez contends that the district court erred when it enhanced his sentence based on facts not determined by a jury. We review each argument in turn and affirm.

Reyes-Rodriguez argues that the government breached its promise in the plea agreement to recommend a sentence at the low end of the Guidelines range. Reyes-Rodriguez failed to object to the alleged breach of the plea agreement, after being afforded an opportunity to object to the sentence, so we review for manifest injustice. See United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). "[We] equate[] manifest injustice inquiry with review for plain error." Id. Plain error exists when there is (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). For an error to affect substantial rights, it "must have affected the outcome of the district court proceedings." United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005). If it is uncertain whether an error would have affected the outcome, the

2

defendant's appeal fails.  Id. at 1300.

Even if the government breached its agreement to recommend a sentence at the low end of the Guidelines range, there is no clear evidence in the record that the district court would have imposed a shorter sentence had the recommendation been made.  The record is silent.  Because Reyes-Rodriguez failed to establish that the failure of the government to comply with the plea agreement affected his substantial rights, the district court did not plainly err when it imposed a sentence at the high end of the Guidelines range.

Reyes-Rodriguez next argues that his sentence is unreasonable.  He contends that the district court failed to give adequate consideration to his arguments for mitigation and overemphasized his criminal history.  We disagree.

We review a sentence for reasonableness.  United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005).  "Review for reasonableness is deferential."  Id. at 788.  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  Id.  "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed."  Id.  "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  Id.  "[W]hen the district court

3

imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Reyes-Rodriguez's argument that his sentence is unreasonable fails. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006). The transcript of the sentencing hearing establishes that the district court sentenced Reyes-Rodriguez after consideration of his arguments in favor of mitigation, the Guidelines, and the sentencing factors of section 3553(a). The sentence Reyes-Rodriguez received, which was within the advisory Guidelines range, was reasonable.

Reyes-Rodriguez next argues that the district court erred when it enhanced his sentence based on a prior conviction that was not alleged in the indictment or determined by the jury. See U.S.S.G. § 2L1.2(b)(1)(A)(ii). Reyes-Rodriguez contends that the enhancement violated his rights under the Fifth and Sixth Amendments because the district court, not the jury, determined that his prior conviction was an aggravated felony and a crime of violence. As Reyes-Rodriguez acknowledges, his arguments are foreclosed by binding precedent. See United States v. Greer, 440 F.3d 1267, 1275 (11th Cir. 2006); Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998).

4

Reyes-Rodriguez's sentence is

**AFFIRMED.**