[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10681
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 8, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60219-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YASMANI LAZO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 8, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Yasmani Lazo appeals from his conviction for conspiracy to interfere with

commerce by threats or violence, in violation of 18 U.S.C. § 1951(a). The sole

issue on appeal is whether the government breached the plea agreement by arguing against a sentencing reduction for acceptance of responsibility and by failing to voice a recommendation for a sentence at the low end of the applicable guideline range. After thorough review, we affirm.

"Whether the government has breached a plea agreement is a question of law that [we] review[] de novo." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). However, when there was no objection below, "any objections to the sentence are barred absent manifest injustice," which equates with review for plain error. Id. A reversal under plain error review requires (1) error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002). For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993).

Plea agreements are interpreted like contracts, and are viewed "against the background of the negotiations." United States v. Jeffries, 908 F.2d 1520, 1523 (11th Cir. 1990) (citation omitted). Thus, where a plea agreement conditioned the government's non-opposition to the acceptance of responsibility reduction on the

defendant's full and accurate disclosure to probation, we have found no breach of the agreement when the government opposed the reduction based on the defendant's failure to fully disclose. Mahique, 150 F.3d at 1332.

We are not persuaded by Lazo's argument. The agreement at issue provided that the government would recommend a reduction for acceptance of responsibility for Lazo, but expressly conditioned this obligation on Lazo not making any "false statements or misrepresentations to any governmental entity or official" after entering into the plea agreement. In light of this condition, Lazo's testimony at his sentencing hearing, which was inconsistent with that of the victim and the surveillance tapes, and which the district court found not to be credible, released the government from its obligations to recommend both an acceptance-of-responsibility adjustment and a low-end sentence. Mahique, 150 F.3d at 1332.

Moreover, even if the government's change in position regarding an adjustment for acceptance of responsibility did constitute a breach of the plea agreement, Lazo has not shown plain error -- the standard applicable here because Lazo did not voice any objection below to the government's alleged breach of the plea agreement. See Romano, 314 F.3d at 1281. First, the government's argument against a reduction for acceptance of responsibility did not have a prejudicial effect on Lazo, as the district court granted the reduction, despite the

government's argument against it. Second, the district court acknowledged the government's recommendation of a low-end sentence, and the government's failure actually to voice such a recommendation was not prejudicial to Lazo. Because neither of the government's alleged breaches affected Lazo's substantial rights, there was no plain error. Olano, 507 U.S. at 734. Accordingly, we affirm.

**AFFIRMED.**