[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12634
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-00149-DHB-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE ROBINSON,
a.k.a. Ty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 4, 2010)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Tyrone Robinson appeals his 52-month sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Robinson argues that: (1) the district court violated his due process rights by enhancing his sentence based on facts embodied in counts dismissed under the plea agreement; (2) the government breached the plea agreement; and (3) his sentence was procedurally unreasonable. After careful review, we affirm.

We review the district court's application of the Sentencing Guidelines de novo. United States v. Lopez-Garcia, 565 F.3d 1306, 1323 (11th Cir.), cert. denied, 130 S.Ct. 1012 (2009). We review sentencing arguments raised for the first time on appeal for plain error, finding plain error only when there is (1) error; (2) that is plain; and (3) that affects substantial rights. United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009), cert. denied, 130 S.Ct. 2361 (2010). Further, the decision to correct the error is within our sound discretion, and should only be exercised if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 1239 (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). Generally, we review whether the government has breached a plea agreement de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). "If, however, the district court affords a defendant an opportunity to object after the imposition of sentence, and he fails to do so, any objections to the sentence are barred absent manifest injustice. This [C]ourt equates the manifest injustice inquiry with

2

review for plain error." Id. We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41 (2007).

First, we are unpersuaded by Robinson's argument that the enhancements included in the district court's sentencing calculation for possessing at least three firearms, and for possessing a stolen firearm, violated his due process rights because they were based on facts embodied in counts dismissed under Robinson's plea agreement.[1] The district court may consider all relevant conduct in calculating a defendant's offense level. See United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006). District courts may consider acquitted conduct at sentencing so long as the sentence imposed does not exceed the statutory maximum authorized by the jury's verdict, as set forth in the U.S. Code, and relevant conduct may be applied so long as proven by a preponderance of the evidence. United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005). Relevant conduct must be proved by a preponderance of the evidence, see id., but alleged relevant conduct is deemed to be true when a defendant does not challenge the accuracy of the allegations. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Conduct that is the basis of counts dismissed

---

[1] Because Robinson did not raise this issue before the district court, we review for plain error. Bonilla, 579 F.3d at 1238.

3

pursuant to a plea agreement may be used to increase a defendant's base offense level. See United States v. Scroggins, 880 F.2d 1204, 1214 (11th Cir. 1989). For instance, a sentencing court may properly consider quantities of drugs that were the subject of dismissed counts of the indictment. United States v. Alston, 895 F.2d 1362, 1371-72 (11th Cir. 1990).

Here, the inclusion of base offense enhancements for possessing four firearms, one of which was stolen, did not violate Robinson's rights even though that conduct was the basis for counts dismissed in the complaint. We have also explicitly rejected the argument that the Due Process Clause requires that conduct not covered by the counts of conviction, such as conduct underlying dismissed counts of an indictment, be proven beyond a reasonable doubt. Moreover, the factual allegations giving rise to the contested enhancements were either deemed true, or proven beyond a preponderance of the evidence. Accordingly, the district court did not plainly err in considering Robinson's possession of multiple firearms when sentencing him for possession of a single firearm, and the district court's determination that one of those firearms was stolen was not reversible error.

We also find no merit in Robinson's claim -- also reviewed for plain error, see Mahique, 150 F.3d at 1332 -- that the government circumvented its implicit promise in the plea agreement that the allegations contained in the three dismissed counts of

4

the indictment dealing with his possession of firearms would not be relevant to the offense of conviction. Whether the government violated a plea agreement is judged according to the defendant's reasonable understanding at the time he entered his plea. United States v. Horsfall, 552 F.3d 1275, 1281 (11th Cir. 2008), cert. denied, 129 S.Ct. 2034 (2009) (quotation omitted). Moreover, the government's agreement to dismiss a count in the indictment pursuant to a plea agreement "cannot bind the sentencing discretion of the district judge" to consider relevant conduct underlying the dismissed counts. See Scroggins, 880 F.2d at 1214.

Given Robinson's concession that the district court warned him that it would be considering the conduct that prompted the dismissed counts of the indictment, it was not reasonable for him to believe that the district court would not consider that conduct, or that the government would not support the court's consideration of that conduct. Additionally, regardless of the plea agreement, the government could not prevent the district court from exercising its sentencing discretion and considering all relevant conduct. Thus, the government did not breach its plea agreement, and the district court did not plainly err in considering Robinson's conduct that formed the basis for the dismissed counts.

Finally, we reject Robinson's argument that the district court's statement that it "[found] no reason to depart from the sentencing ranges called for by the

5

guidelines" constituted an impermissible presumption that the Guidelines are reasonable. When reviewing the reasonableness of a sentence, we will ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. When sentencing within the guidelines range, "the district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008).

In this case, the district court's statement was not an improper presumption of reasonableness. Rather, it was an acknowledgment that Robinson's case was typical of those contemplated by the Sentencing Commission. See id. There is no error when a district court recognizes that the Guidelines are advisory and acknowledges that the Guidelines adequately cover the case before it. Accordingly, the district court did not apply an improper presumption of reasonableness to the Guidelines.

**AFFIRMED.**

6