[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11063
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00169-MMH-JRK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE LOPEZ-ATANACIO,
a.k.a. Silvano Lopez,
a.k.a. Felipe Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Felipe Lopez-Atanacio appeals from his conviction pursuant to a plea agreement and his 60-month statutory mandatory minimum sentence imposed for conspiracy to distribute cocaine in the amount of 500 grams or more in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Lopez-Atanacio argues that: (1) the government materially breached the clause of the plea agreement that permitted him to request safety valve relief pursuant to 18 U.S.C. § 3553(f) without government opposition; and (2) he received ineffective assistance of counsel in negotiating his plea agreement, and this issue falls outside the scope of his appeal waiver because it challenges the validity of the guilty plea as a whole. After careful review, we affirm.

Whether the government breached a plea agreement is a question of law, to be reviewed de novo. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). However, when a defendant fails to raise an issue before the district court, we review for plain error. Id. Under plain error review, the defendant must show (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Claims of ineffective assistance of counsel generally are not considered for the first time on direct appeal. Massaro v. United States, 538 U.S. 500, 505-06 (2003).

The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty. United States v.

2

Horsfall, 552 F.3d 1275, 1281 (11th Cir. 2008). Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea. Id. Specifically, with respect to an agreement not to oppose safety valve relief, we have held that the government did not breach a plea agreement by requesting a sentence at the high-end of the guideline range, when its obligation was contingent on the defendant's safety valve eligibility and a district court finding that the defendant satisfied the criteria of § 3553(f). United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998).

Here, the safety valve provision in Lopez-Atanacio's plea agreement includes two unambiguous conditions on the government's obligations: (1) Lopez-Atanacio must request safety valve relief and (2) the district court must find that he satisfies the criteria for relief. On this record, the government did not breach the safety valve provision of the plea agreement, because Lopez-Atanacio never invoked the provision by requesting safety valve relief. Additionally, Lopez-Atanacio conceded he was not eligible for safety valve relief, so the district court could not have found that he satisfied the criteria of § 3553(f) as required to trigger the government's obligations under the provision. Mahique, 150 F.3d at 1332.

Furthermore, Lopez-Atanacio's argument that the plea agreement is void and, therefore, warrants withdrawal of his plea, fails because the government did not make

3

an affirmative promise that he would be eligible for safety valve relief. Instead, the parties anticipated that the district court may find that Lopez-Atanacio was not eligible for safety valve relief by conditioning the government's obligations on a favorable finding. Thus, Lopez-Atanacio could not have reasonably understood the provision to be a binding promise that he would receive the benefit of safety valve relief. Therefore, he fails to demonstrate that the district court erred, plainly or otherwise, by accepting his guilty plea and sentencing him to the mandatory minimum despite the safety valve provision in his plea agreement.

As for Lopez-Atanacio's ineffective assistance of counsel claims, the record is almost entirely devoid of details regarding the negotiation of the plea agreement. Thus, Lopez-Atanacio's ineffective assistance of counsel claims are best suited to a motion to vacate pursuant to 28 U.S.C. § 2255, where a district court may develop the necessary facts to determine the adequacy of the representation. See Massaro, 538 U.S. at 505-06. Accordingly, we affirm Lopez-Atanacio's conviction and sentence, without ruling on his ineffective assistance of counsel claim.

**AFFIRMED.**