[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 1, 2006
THOMAS K. KAHN
CLERK

No. 05-10921
Non-Argument Calendar

_____

D. C. Docket No. 04-20546-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSMAY ODUARDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 1, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Osmay Oduardo appeals his 210-month concurrent sentences, which the

district court imposed after he pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and conspiracy to use and carry a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Oduardo claims that the use of prior convictions in calculating his criminal history category under the advisory sentencing guidelines scheme established by United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), violates the Due Process and Ex Post Facto Clauses of the United States Constitution. Oduardo further argues that the district court imposed an unreasonable sentence on him because one of his codefendants, with the same offense level and criminal history category as him, received a lesser sentences than he did. Finally, Oduardo argues that the government breached its plea agreement with him by not recommending a sentence at the low end of the guideline range.

## I.

Because Oduardo raised his sentencing arguments under the Due Process and Ex Post Facto Clauses for the first time on appeal, we review them for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). We will, in our discretion, correct plain error where there is (1) error, (2) that is plain, and (3) that affects substantial rights, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v.

2

Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005) (internal citations and quotations omitted).

We have held there are no due process or ex post facto violations based on the retroactive application of Booker's remedial opinion making the guidelines advisory. United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005). In Duncan, we determined that because Booker made the guidelines advisory, not mandatory, "the various top ranges of the Guidelines are no longer binding, and therefore, no longer constitute 'little relevant maximums.' This leaves as the only maximum sentence the one set out in the United States Code." Id. at 1303. We further noted in Duncan that, even under mandatory guidelines, "the law of this Circuit recognized the U.S. Code as the source of the maximum sentence." Id. at 1308.

To the extent that Oduardo is arguing that the district court improperly used his prior convictions to calculate his criminal history category based on Booker, this is meritless because we have ruled that Booker did not disturb the conclusion in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the government does not need to allege in its indictment and does not need to prove beyond a reasonable doubt that a defendant had prior convictions in order for the district court to use those convictions for sentence enhancements.

United States v. Cantellano, 430 F.3d 1142 (11th Cir. 2005). Furthermore, while the decision in Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005),[1] may have cast doubt on the Almendarez-Torres holding, the United States Supreme Court has not explicitly overruled it yet, so we are still bound by it. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005).

Oduardo's arguments under the Due Process and Ex Post Facto clauses are meritless. At the time Oduardo committed the offense, the guidelines were deemed mandatory and prior convictions were used in calculating a defendant's criminal history category. He had ample warning, based on the maximum statutory sentences set out in the U.S. Code, that a life sentence was a possible consequence of his actions. He also knew that his prior convictions would be used in calculating his applicable guideline range. Therefore, no due process or ex post facto violations are implicated in this case. See Duncan, 400 F.3d at 1307; see also 21 U.S.C. § 841(b)(1)(A)(ii).

Even assuming arguendo that there was error, Oduardo could not prove that

_____

[1] The Court in Shepard held that, under the Armed Career Criminal Act, when determining whether a plea of guilty to burglary defined by a nongeneric statute admitted elements of the generic offense, a sentencing court is limited to consideration of the charging document, the terms of the plea agreement, or transcript of the colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant. Shepard, 125 S.Ct. at 1263. Consideration of these things did not violate the Sixth Amendment. Id. at 1262-63.

his substantial rights were affected because he was sentenced within the applicable guideline range to 210 months' imprisonment. This same range would have applied under the mandatory guidelines scheme in effect prior to <u>Booker</u>. Accordingly, we affirm the district court in this respect.

## II.

After the district court has accurately calculated the guideline range, it "may impose a more severe or more lenient sentence" that we review for reasonableness. <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005). When fashioning a reasonable sentence, a district court should be guided by the factors in 18 U.S.C. § 3553(a). <u>United States v. Winingear</u>, 422 F.3d 1241, 1246 (11th Cir. 2005). District courts do not need to establish the reasonableness of the sentences they impose by explicitly considering every factor from §3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient when the district court imposes a sentence within the guidelines range. <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005).

In sentencing Oduardo at the top of the advisory guideline range, the district court found that his criminal history category significantly understated that seriousness of his criminal history. The district court also considered the history

5

and characteristics of Oduardo when it noted his lenient sentences for similar past convictions. See § 3553(a)(1). It further found that a severe sentence was necessary to promote respect for the law, protect the public, and afford adequate deterrence. See § 3553(a)(2)(A)-(C). It also found, based on Oduardo's numerous other convictions, that he was beyond need of any correctional treatment. See § 3553(a)(2)(D). Thus, the district court adequately and properly considered relevant § 3553(a) factors in sentencing Oduardo.

Oduardo's argument that the district court violated the § 3553(a) factor of avoiding unwarranted sentencing disparities is without merit. First, at sentencing, the district court noted that Oduardo's criminal history was more serious than that of his codefendants. Thus, the district court considered the factor of avoiding unwarranted sentencing disparities, and implicitly rejected it, finding that Oduardo's offense warranted a higher sentence than his codefendants. That the district court did not mention unwarranted sentencing disparities in imposing sentence is irrelevant because the district court is not required to mention every § 3553(a) factor. Scott, 426 F.3d at 1329. Finally, disparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal. See United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001) (dealing with § 5K2.7 departure).

6

Furthermore, the district court could have imposed a life sentence on Oduardo. See Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). The district court also noted that it thought a reasonable sentence would be one above the guideline range, but refrained from imposing a higher sentence because Oduardo pled guilty. Based on all these considerations, the sentence is reasonable, and we affirm the district court in this respect.

**III.**

Whether or not the government has breached a plea agreement is a question of law that we review de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). "If, however, the district court affords a defendant an opportunity to object after the imposition of sentence, and he fails to do so, any objections to the sentence are barred absent manifest injustice." Id. We equate manifest injustice with plain error. Id. In the instant case, after the district court imposed sentence, Oduardo did not specifically object based on the plea agreement or move to withdraw his guilty plea, but he did note that the government had agreed to recommend a sentence at the low end of the guideline range, and objected to the government recommending an upward departure and not recommending sentence at the low end of the range. However, we need not decide what the appropriate

7

standard of review is because Oduardo cannot prevail under either standard.

We view a plea agreement as a contract between the government and the criminal defendant.  United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999). A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise.  Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).  When a plea rests in any significant portion on the government's promise or agreement, so that it becomes part of the inducement or consideration, such promise must be fulfilled.  Id. Whether the government violated the plea agreement is judged according to the defendant's reasonable understanding at the time that he entered his plea.  United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996).  On the other hand, whether the district court considered or was influenced by the government's position on the sentencing issue is not relevant. United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998). When a breach of an agreement by the government has been established, we may remand the case to the district court, which may order specific performance of the agreement or allow withdrawal of the plea.  Santobello, 404 U.S. at 262-63, 92 S.Ct. at 499.

The government did not breach its plea agreement with Oduardo.  By viewing a plea agreement as a contract, we imply that both the government and the

8

defendant have obligations that they must perform to fulfill the agreement. See Howle, 166 F.3d at 1168. The language of the plea agreement indicates that Oduardo's duty to make full disclosures to the government and probation office was a condition precedent to the government's agreement to recommend a sentence at the low end of the guideline range. Based on the resolved facts in the PSI and the plea colloquy, Oduardo did not make full and accurate disclosures to the probation office and misrepresented facts to the government prior to entering into the plea agreement.

Oduardo also committed misconduct after entering into the plea agreement by breaching the plea agreement. Oduardo made constitutional objections to the sentencing guidelines when he challenged the drug quantity and gun enhancement under Booker, even though he waived his ability to do this. He also objected to the lack of a minor-role reduction when both parties agreed not to seek a role adjustment. Thus, Oduardo did not fulfill his condition precedent to the government recommending sentence at the low end of the guideline range. Therefore, the government's subsequent action of recommending a sentence above the guideline range cannot be viewed as a breach and we affirm the district court in this respect.

**AFFIRMED.**[2]

---

[2] Oduardo's request for oral argument is denied.