[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2006
THOMAS K. KAHN
CLERK

No. 05-15366
Non-Argument Calendar

_____

D. C. Docket No. 04-00610-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA SHARON HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 5, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Angela Sharon Hill appeals her 60-month sentence for conspiracy to possess

with intent to distribute 100 kilograms or more marijuana, in violation of 21 U.S.C. §§ 841, 846. On appeal, Hill argues that the district court erred by applying a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), and by finding that she was not eligible for safety-valve relief. Hill further argues that the government breached its plea agreement by arguing that she was ineligible for safety-valve relief. She also contends that the district court erred under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by making judicial findings of fact. The government responds that Hill's first two arguments are foreclosed by the appeal waiver contained in her plea agreement.

The issue of whether the government breached a plea agreement is a question of law, to be reviewed de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). However, where no objection is raised in the district court, we review for plain error. Id. We review de novo the question of whether a "defendant effectively - that is knowingly and voluntarily - waived his right to appeal his sentence." United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997) (citation and quotation marks omitted).

We first consider whether the government breached its plea agreement. Because Hill did not object before the district court, our review is for plain error. Under plain error review, there must be (1) an error, (2) that is plain, and (3) that

affects substantial rights. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th

Cir. 2005). If these three prongs are met, we may exercise our discretion to notice

this error if it seriously affects the fairness, integrity, or public reputation of

judicial proceedings. Id. at 1329. In order for an error to be plain, it must be

obvious or clear under current law. United States v. Baker, 432 F.3d 1189, 1207

(11th Cir. 2005), petition for cert. filed, (Mar. 10, 2006) (05-9687).

In United States v. Mahique, the government "agreed not to oppose

Mahique's request to be sentenced under the safety-valve provision 'if he is

eligible, and the Court makes appropriate findings regarding the criteria . . . .'"

Mahique, 150 F.3d at 1331. At sentencing, the government opposed the safety-

valve based on Mahique's flight and alteration of his admissions. Id. We held that

the government did not breach the plea agreement. Id. at 1332.

> The government's promise in the plea agreement not to oppose
> Mahique's request to be sentenced under the safety-valve provision
> was conditioned on him being eligible for the provision and the
> district court finding that he met all criteria for application of the
> provision. The fifth criteria of the safety-valve provision requires that
> the defendant truthfully provide to the government all information and
> evidence he has regarding the offense. Because the government
> argued that Mahique was ineligible for the safety-valve provision
> since he did not meet the criteria--a condition of the plea
> agreement--there was no breach.

Id. (footnote omitted).

Here, the government agreed that it would "not oppose the defendant's

3

request to the Court that it impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, pursuant to USSG §5C1.2, if the Court finds that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f)." Although the language in this plea agreement differs somewhat from the agreement in Mahique, eligibility for the safety-valve was a condition of the plea agreement. Therefore, under Mahique, any error would not be plain.

We next consider whether the waiver of appeal provision in the plea agreement is enforceable. "Waiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." Benitez-Zapata, 131 F.3d at 1446 (emphasis in original).

The district court explained the waiver during the plea colloquy and Hill indicated her understanding of the explanation. However, the district court's explanation of the exception to the waiver for sentences above the statutory maximum was arguably confusing because it described this exception as allowing for an appeal of an illegal sentence, and described a sentence of more than the law allows as an example. This suggests that the waiver would allow an appeal for a broader range of sentences than just those above the statutory maximum.

4

Despite this deficiency, the waiver is enforceable because the record clearly shows that Hill otherwise understood the full significance of the waiver. The magistrate's hypothetical of an illegal sentence, one that had a fine in excess of the amount the law allowed, and his explanation that the waiver allowed the appeal of "that type of illegal sentence," provided some clarification as to what he meant by an illegal sentence. At the plea colloquy Hill testified that the plea agreement was read to her, that she understood it, and that the magistrate did not say anything about it that confused her.

Because Hill's non-constitutional challenges to the weapons enhancement and the safety-valve are not within the exceptions to the appeal waiver, we do not reach the merits of these claims.

However, Hill's argument that the district court's enhancement of her sentence based upon the possession of a weapon violated Booker falls within an exception to the waiver. Because Hill did not object before the district court, our review is for plain error. A Booker constitutional error violates an individual's Sixth Amendment right to trial by jury where a judge enhances an individual's sentence based solely on judicially found facts pursuant to a mandatory Guidelines system. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). There is no constitutional error where a sentence is enhanced based on judicial fact-finding

5

beyond the facts admitted by the defendant or found by the jury in a non-mandatory system. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1300 (11th Cir.), <u>cert.</u> <u>denied</u>, 125 S.Ct. 2935 (2005). Because the district court applied the Guidelines as advisory, there was no error under <u>Booker</u>.

**AFFIRMED.**