[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2006
THOMAS K. KAHN
CLERK

No. 05-10961
Non-Argument Calendar
_____

D. C. Docket No. 04-00037-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY L. SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 20, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Terry L. Scott appeals his conviction for conspiracy to distribute and

possess with intent to distribute more than 50 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. According to Scott: (1) the government acted in bad faith and violated its plea and cooperation agreement ("plea agreement") with Scott when the government refused to file a substantial assistance motion pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K1.1; and (2) the district court erred by denying Scott's motion to withdraw his guilty plea, because it was not entered knowingly and voluntarily. We affirm Scott's conviction.

Although Scott provided the government with information, the government explained at sentencing that Scott's version of events conflicted with that of his co-defendant, Dwayne Montgomery. The government questioned Scott's credibility, because Montgomery had assisted the government in other matters, the government believed that he had been truthful in doing so, and the statements of a third person, Reginald Denson, tended to support Montgomery's version of events. The government requested that Drug Enforcement Administration ("DEA") officials submit both Montgomery and Scott to polygraph examinations, but the DEA would agree to polygraph only one of the two. Montgomery received the polygraph examination and passed it. Thus, the government was "strongly suspicious" that Scott was not telling the truth and declined to a file a substantial

2

assistance motion. This rationale is "patently unjust," Scott argues, because he was never permitted to take a polygraph examination and establish his truthfulness. By denying him that opportunity, Scott contends, the government effectively deprived him of the chance to provide substantial assistance, acted in bad faith, and breached his plea agreement.

"Whether the government has breached a plea agreement is a question of law that this court reviews de novo." *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam) (emphasis omitted). In the instant case, Scott's prior drug convictions meant that he faced a mandatory minimum of life, and there is no claim that he qualified for "safety valve" relief. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 3553(f); *United States v. Simpson*, 228 F.3d 1294, 1304 (11th Cir. 2000). Thus, Scott's only hope for a lesser sentence (absent an acquittal) was to convince the government to move for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. *See Simpson*, 228 F.3d at 1304. Scott's plea agreement states in relevant part:

> If, in the sole discretion of the United States Attorney, **TERRY L. SCOTT** is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if **TERRY L. SCOTT** has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion.

3

Clearly, the express terms of the plea agreement place the determination as to whether Scott has provided substantial assistance within the "sole discretion" of the United States Attorney. Moreover, we have previously determined that "a sentencing court may not depart downward pursuant to U.S.S.G. § 5K1.1 for substantial assistance without a government motion, unless the court finds that the government's refusal to file such a motion was based on an unconstitutional motive." *United States v. Munoz-Realpe*, 21 F.3d 375, 379 n.7 (11th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 184-86, 112 S. Ct. 1840, 1843-44, 118 L. Ed. 2d 524 (1992)); *see United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993) ("[J]udicial review *is* appropriate when there is an allegation [of bad faith] *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion."); *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (explaining that we "limit our review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive").[1] Here, Scott does not predicate his claim of bad faith on any alleged unconstitutional motive (nor did he

---

[1] Scott contends that our decision in *Forney* misread *Wade* and urges us to adopt the position of the Third Circuit in *United States v. Issac*, 141 F.3d 477, 483 (3d Cir. 1998) (determining that "a district court is empowered to examine for 'good faith' a prosecutor's refusal to file a § 5K1.1 motion pursuant to a plea agreement that gives the prosecutor 'sole discretion' to determine whether the defendant's assistance was substantial"). We must decline, for we are bound by our precedent in *Forney*. *See, e.g.*, *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (reciting prior panel rule).

4

do so below), but rather on the government's decision to discount his statements without affording him a polygraph examination. Thus, we cannot review Scott's bad faith claim.[2]

Scott also contends that the district court erred in denying his motion to withdraw his guilty plea, because it was not entered knowingly and voluntarily. We review the denial of a request to withdraw a guilty plea for abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). "After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Brehm*, 11th Cir. 2006, __ F.3d __, (No. 05-13426, Mar. 17, 2006) (quoting Fed. R. Crim. P. 11(d)(2)(B)). In determining whether the defendant meets this burden, we consider the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* (internal quotes omitted).

---

[2] Scott further asserts that the district court, when imposing sentence, could have considered his "substantial assistance" even in the *absence* of a § 5K1.1 motion by the government, because the Sentencing Guidelines are advisory in the wake of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). This argument is without merit. *See United States v. Shelton*, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) (explaining that even after *Booker*, district courts are still bound by statutory minimums).

Scott claims that his plea was not knowing and voluntary because, due to the government's failure to perform a polygraph examination, he was effectively denied the chance to provide substantial assistance. First of all, this is essentially a restatement of the "bad faith" argument we have already rejected above. Second, while Scott may have demonstrated that he is displeased with the manner in which the government *exercised* its discretion under the plea agreement, Scott has not shown that, at the time of his plea, the district court failed to advise him as to *existence* of that discretion. In fact, during Scott's rearraignment the district court stated: "If you assist the government–by 'the government,' I mean the prosecutor, the prosecution–it's entirely up to the government to decide whether that assistance rises to the level of substantial assistance. Do you understand?" Scott responded in the affirmative, as he did to the court's additional warning that "[i]f the government decides that any assistance you've provided does not rise to the level of substantial assistance, there won't be anything you can do about it. You'll be stuck with that decision. Do you understand?"[3] Scott has not demonstrated any violation of Fed. R. Crim. P. 11(b) or (c), and may not withdraw his guilty plea merely because he believes the DEA's refusal to provide him with a polygraph examination was unfair. We find no abuse of discretion.

---

[3] We also note that Scott had the assistance of counsel during his plea colloquy.

We cannot review Scott's "bad faith" challenge to the government's refusal to file a substantial assistance motion, and the district court did not abuse its discretion in denying Scott's request to withdraw his plea. Accordingly, we affirm Scott's conviction.

**AFFIRMED.**