[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15354
Non-Argument Calendar
_____

D.C. Docket No. 4:04-cr-00037-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY L. SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 25, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Terry Scott appeals *pro se* the denial of his motion to compel specific performance of his plea agreement. Scott argues, as he did on direct appeal, that the government was obligated to file a motion to reduce his sentence for his substantial assistance. Scott also argues, for the first time on appeal, that the district court *sua sponte* should have determined that the government breached the plea agreement by subjecting him to a polygraph examination. We affirm.

The government argues that the district court lacked jurisdiction to entertain Scott's motion to compel because it was untimely, but we disagree. Federal Rule of Criminal Procedure 35(b) bars the government from moving for a sentence reduction more than one year after sentencing, subject to certain exceptions that do not apply to Scott. *See* Fed. R. Crim. P. 35(b). Although Scott sought to compel the government to file a motion to reduce that would be untimely and that the district court would lack jurisdiction to consider, *see United States v. Orozco*, 160 F.3d 1309, 1313 (11th Cir. 1998), Scott's motion was not filed pursuant to Rule 35(b) and was timely.

Scott's argument that the government was obligated to move for a sentence reduction is barred by the law-of-the-case doctrine. "Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). The doctrine bars a party from relitigating an issue "unless the evidence on

a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Id.* at 1561 (quoting *White v. Murtha*, 377 F.2d 428, 432 (5th Cir. 1967)). On direct appeal, we rejected as without merit Scott's argument that he was entitled to withdraw his guilty plea because "the government acted in bad faith and violated its plea and cooperation agreement . . . [by] refus[ing] to file a substantial assistance motion." *United States v. Scott*, 184 F. App'x 916, 917–19 (11th Cir. 2006). Because the issue that Scott raises has already been decided against him by this Court and he identifies no exception to the law-of-the-case doctrine that applies to him, the doctrine bars him from relitigating whether he is entitled to a sentence reduction based on substantial assistance.

The district court also did not err, much less plainly so, by failing to find *sua sponte* a breach of Scott's plea agreement based on the administration of his polygraph examination. *See United States v. Thayer*, 204 F.3d 1352, 1356 (11th Cir. 2000). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the agreement when he entered the plea." *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007). Scott's written agreement did not mention polygraph examinations, so he could not have reasonably thought that the administration of the examination violated his

3

agreement with the government. Indeed, Scott requested the polygraph examination, so if its administration violated his plea agreement, he would have been barred from obtaining relief under the doctrine of invited error. That doctrine bars a defendant from benefiting from error attributable to his actions. *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). And "[w]here invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Cobb*, 842 F.3d 1213, 1222 (11th Cir. 2016) (quoting *Silvestri*, 409 F.3d at 1327).

We **AFFIRM** the denial of Scott's motion to compel.

4