[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12509
Non-Argument Calendar

_____

D. C. Docket No. 06-00009-CR-001-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE MCCLOUD,
a.k.a. Freddie McLeoud,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 22, 2008)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Freddie McLeoud[1] appeals his 180-month sentence for carjacking and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c), respectively. In committing the offenses for which he was convicted, McLeoud stuck a loaded pistol in the victim's face, stole her vehicle, and led law enforcement on a high-speed chase. During the police pursuit, McLeoud drove over 100 miles per hour, ran a red light and evaded a roadblock. Finding that the guidelines failed to recognize the potential for death and serious bodily injury created by McLeoud's behavior, the district court upwardly varied from the guidelines range by 33 months, sentencing McLeoud to 180 months imprisonment. McLeoud contends on appeal that the upward variance was unreasonable and based in part on the district court's consideration of an impermissible factor, namely, the court's belief that McLeoud had not been forthcoming regarding the involvement of his co-defendants.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court determines a reasonable sentence by correctly calculating the sentencing range under the guidelines and then considering the factors set forth in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (overruled on other

_____

[1]Although captioned in this case as "McCloud," Appellant's last name is actually spelled "McLeoud."

grounds by <u>Rita v. United States</u>, --- U.S. ---- , 127 S. Ct. 2456 (2007) (holding that appellate courts may apply a presumption of reasonableness to a within-guidelines sentence)).  Section 3553(a) requires a sentencing court to "impose a sentence sufficient, but not greater than necessary" after considering:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, and (C) to protect the public from further crimes of the defendant; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; and (6) the need to avoid unwarranted sentencing disparities.

18 U.S.C. § 3553(a)(1)-(6).

As the Supreme Court's recent decision in <u>Gall v. United States</u>, No. 06-7949, slip op., 2007 WL 4292116 (Dec. 10, 2007) makes clear, appellate courts review district court sentences for abuse of discretion.  <u>Gall</u>, No. 06-7949, slip op. at 10-11. The Court stated that district courts

> must make an individualized assessment based on the facts presented.  If [the court] decided that an outside-Guidelines sentence is warranted, [the court] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance. . . . After settling on the appropriate sentence, [the court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

<u>Id.</u> at 12.  Appellate review of the district court's sentencing decision must give "due

3

deference" to the court's determination that the § 3553(a) factors justify the variance. Id. at 12-13.

In this case, the district court found that the guidelines did not adequately recognize the danger McLeoud's behavior created for others. The court pointed to McLeoud's putting a loaded weapon in the victim's face, leading the police on a high-speed chase, and running through a roadblock as behavior that posed a serious risk of death or bodily injury to others. Finding that the guideline range failed to provide for an adequate punishment in light of this dangerous behavior, the court upwardly varied from the sentence range indicated by the guidelines. In so doing, the court explained its reasons, which reflect appropriate consideration of the § 3553(a) factors. The district court's reasoning and explanation for the variance are consistent with the standard for sentencing decisions set out in Gall. Accordingly, we can find no abuse of discretion in the district court's sentencing decision.

Whether the district court considered an impermissible factor in sentencing the defendant is a question of law that we review de novo. United States v. Robinson, 935 F.2d 201, 203 (11th Cir. 1991) ("The application of the law to sentencing issues is subject to de novo review."). However, when a defendant fails to object, despite being given the opportunity to do so, we generally limit our review to manifest

injustice or plain error.[2] <u>United States v. Mahique</u>, 150 F.3d 1330, 1332 (11th Cir. 1998).

McLeoud argues that, when determining his sentence, the district court impermissibly considered McLeoud's refusal to cooperate with the authorities in investigating his co-defendants. Because McLeoud did not object below, we review this claim for plain error. The sentencing guidelines state that "[a] defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor." U.S. Sentencing Guidelines Manual § 5K1.2 (2006). Upon review of the sentencing transcript, we find that the district court did not impermissibly consider McLeoud's failure to assist the authorities. The court believed that McLeoud had not been forthcoming with either the investigating authorities or the court, but considered this in conjunction with the § 3553(a) factors, one of which is the characteristics of the defendant. Because the district court did not consider an impermissible factor and based its upward variance on the serious danger McLeoud's conduct posed to others, the court's sentence is

AFFIRMED.

---

[2] "Under the plain error standard, [the appellant] must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." <u>United States v. Gresham</u>, 325 F.3d 1262, 1265 (11th Cir. 2003).