[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15070
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20786-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIRO ARCINIEGAS RODRIGUEZ,
a.k.a. Sarco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 6, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jairo Arciniegas Rodriguez appeals his 70-month total sentence for (1)

conspiracy to import one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 952(a) and 963;  (2) importation of heroin, in violation of 21 U.S.C. § 952(a); (3) conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (4) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).  For the reasons set forth below, we affirm.

## I.

Rodriguez first argues that the district court did not meaningfully consider the § 3553(a) factors and failed to adequately explain his sentence.  He argues that a district court's statement that it has considered the factors is not sufficient.

When the district court "affords a defendant an opportunity to object after the imposition of sentence, and he fails to do so, any objections to the sentence are barred absent manifest injustice," *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam), and we equate "the manifest injustice inquiry with review for plain error." *Id.*

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).  The district

court is not required, however, to either state on the record that it has explicitly considered each of the § 3553(a) factors, or discuss each factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*."[1] *Id.* Furthermore, "[w]hen sentencing within the advisory Guidelines range, the district court is not required to give a lengthy explanation for its sentence" in the typical case. *United States v. Livesay*, No. 06-11303, slip op. at 1911 (11th Cir. April 23, 2008).

Here, the district court did not plainly err in determining Rodriguez's sentence. The district court gave Rodriguez an opportunity to object to the final sentence, but Rodriguez made no objections. Moreover, the district court stated at sentencing that it had considered the statements of the parties, the presentence report containing the advisory guidelines, and the statutory factors. Thus, because the sentence was within the Guidelines range, the district court was not required to provide a more detailed explanation for why it imposed the sentence it did. *Talley*, 431 F.3d at 786. Accordingly, Rodriguez's arguments have no merit.

## II.

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

Rodriguez next argues that the district court procedurally erred by truncating the sentencing hearing. As a result of the district court's action, he contends, his attorney could not argue additional factors for downward departure, such as a U.S.S.G. § 5K2.12 departure for duress. Additionally, he asserts that the district court (1) was distracted by the actions and poor performance of his counsel at sentencing; (2) failed to consider his severe health problems and did not allow counsel to argue for a lesser sentence on account of his health; and (3) truncated his opportunity to argue for a minor role reduction.

Rodriguez failed to object to the alleged truncation of the sentencing hearing and did not preserve this procedural issue for appeal. Therefore, we will review only for plain error. *See Mahique*, 150 F.3d at 1332.

The burden is on the defendant to offer evidence at sentencing on an issue that would reduce his offense level, and if he fails to do so and other evidence does not demonstrate entitlement, the defendant has not met his burden, and we will affirm the district court finding. *See United States v. Wilson*, 884 F.2d 1355, 1356-57 (11th Cir. 1989) (holding defendant failed to meet burden for acceptance of responsibility reduction where he objected in the PSI, but only made arguments at sentencing without offering evidence). Furthermore, we have held that "[e]xcept in the rare instance when the record is sufficiently developed, we will not address

4

claims for ineffective assistance of counsel on direct appeal," *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (internal quotation marks omitted), because the preferred context for such a claim is a collateral proceeding under 18 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504, 508, 123 S. Ct. 1690, 1694, 1696, 155 L. Ed. 2d 714 (2003).

The district court did not err, much less plainly err, in the way it handled the sentencing hearing. In *Gall*, the Supreme Court explained that there is no procedural error where, among other things, the district court allows "both parties to present arguments as to what they believed the appropriate sentence should be" during the sentencing hearing. *Gall*, 128 S. Ct. at 598. Rodriguez raised the issues of the role reduction and his health during the sentencing hearing, but offered no additional evidence. Moreover, there is no evidence in the record that the district court refused to consider the claims. As to the newly raised claim of a downward departure under U.S.S.G. § 5K2.12, Rodriguez had ample opportunity to raise such a claim below, but he did not. And finally, the record is not sufficiently developed for us to address an ineffective assistance of counsel claim at this time.

Accordingly, Rodriguez's claims concerning the truncation of the sentencing hearing are meritless.

**III.**

Finally, Rodriguez argues the district court incorrectly denied him a minor role reduction. He argues that he was entitled to a minor role reduction because one was granted to a co-defendant, he allegedly committed the crime because his son had been kidnapped, and the government failed to present evidence contradicting his claim. He also argues that the district court improperly denied the reduction because it was frustrated with his counsel, and that disputed issues of fact existed.

Under U.S.S.G. § 3B1.2, the district court may reduce the offense level by two points if a defendant is a minor participant in the offense. The district court uses a two-part test to determine if a defendant is a minor participant. First, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc). Relevant conduct includes that "conduct attributed to the defendant in calculating [his] base offense level," *id.* at 941, and "in many cases this method of analysis will be dispositive." *Id.* at 945. Second, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id.* A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable

participants." *Id.* at 944. Instead, he must be "less culpable than *most other participants* in [the] relevant conduct." *Id.*

"[We have] long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *Id.* at 937. The defendant bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. "[A] trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review." *Id.* at 945 (internal quotation marks omitted). The district court does not need to make specific factual findings, and, as long as the record supports the decision and the district court resolves any disputed factual issues, a final determination is sufficient. *Id.* at 939.

The district court did not clearly err in denying Rodriguez's request for a minor role reduction. Rodriguez was held accountable only for the amount of heroin he was supposed to pick up and bring to New York, and he cannot show that he was a minor participant in that conduct. He was the link between Colombia and New York, he traveled to Miami to pick up the drugs, and he was in charge of payment for a co-conspirator. Moreover, Rodriguez fails the second prong of the test because the record shows he is not less culpable than most of the other participants. The district court also resolved all disputed factual issues, and it did

7

not need to further explain why it denied Rodriguez's request for the reduction.

Upon review of the record and the sentencing transcripts, and upon consideration of the brief's of the parties, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**