[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14165
Non-Argument Calendar

_____

D. C. Docket No. 05-00023-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL L. ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 7, 2007)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Mitchell Anderson ("Anderson") appeals his 48-month sentence

for possession of counterfeit identification documents, in violation of 18 U.S.C. § 1028(a)(3). Law enforcement officials found Anderson and a codefendant in possession of 16 counterfeit driver's licenses bearing 16 different names, and 36 counterfeit checks fraudulently taken from legitimate account holders, totaling $13,670.81 in loss. The government determined that the offense affected at least 36 victims, including 16 account holders, 7 financial institutions, and 13 retailers.[1]

Anderson first argues that a district court's decision to depart upwardly, without giving him notice of such an intention, is plain error requiring remand.

We review for plain error where the defendant does not state the grounds for an objection in the district court. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). We will correct plain error when "(1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." *Id.*

Fed.R.Crim.P. 32(h) states that

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

---

[1] Anderson's plea agreement contained a sentencing appeal waiver. However, because the waiver contained an exception allowing Anderson to appeal sentencing issues if the district court's sentence exceeded the guideline range, and his sentence of 38 months imprisonment exceeded the guideline range of 21-27 months imprisonment, his appeal may proceed on the merits.

2

Fed.R.Crim.P. 32(h).  We have held that Fed.R.Crim.P. 32(h) does not require the district courts to give notice of the fact that they are going to impose a variance, or a sentence above the guideline range, pursuant to their authority under 18 U.S.C. § 3553(a).[2]  *See United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006), *pet. for cert. filed*, Oct. 26, 2006 (No. 06-7517).  After the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we reasoned that defendants are aware that the district court will consider the § 3553(a) factors when selecting a reasonable sentence between the statutory minimum and maximum.  *Irizarry*, 458 F.3d  at 1212.

Because the district court imposed the sentence above the guideline range pursuant to its authority under 18 U.S.C. § 3553(a), we conclude that there was no error in its failure to give advanced notice of its intention to impose a sentence above the guideline range.

---

[2]Section 3553(a) requires that the district court consider:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

18 U.S.C. § 3553(a).

3

Anderson next argues that his sentence must be reversed because the district court made an unguided departure when it imposed his sentence.

Once the district court has accurately calculated the guidelines range, it "may impose a more severe or more lenient sentence" that we will review for reasonableness. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). Our reasonableness inquiry is guided by the factors outlined in 18 U.S.C. § 3553(a). *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).

As noted above, because the sentence was fashioned pursuant to § 3553(a), and the district court used those factors as a guide, the imposition of Anderson's sentence above the guideline range did not amount to an unguided departure.

Anderson next argues that the district court was unreasonable in imposing an upward departure because his guideline range sentence had taken into account his criminal history. Additionally, Anderson argues that he had only two prior convictions, which did not justify a doubling of his sentence from the advisory guideline range.

We review the final sentence imposed for reasonableness. *Crawford*, 407 F.3d at 1178. Thus, the district court is free to sentence above the guideline range after correctly calculating the guideline range, so long as the sentence is reasonable. *Id.* Section § 3553(a) requires that the district court take into account,

4

*inter alia*, the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).

Given that the district court took into account the § 3553(a) factors, explicitly recognized that Anderson had a history of engaging in fraudulent schemes, specifically the fact that he had been arrested a year earlier for a nearly identical crime, and provided an adequate explanation for imposing a sentence above the guideline range, we hold that Anderson's sentence was reasonable.

Anderson next argues that, despite his cooperation with authorities, the government breached the plea agreement by failing to move for a downward departure, pursuant to U.S.S.G. § 5K1.1, based on substantial assistance.  In addition, Anderson argues that the district court erred in failing to downwardly depart.

"Whether the government  has breached a plea agreement is a question of law that this [C]ourt reviews *de novo*."  *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998).  However, when there was no objection below, we review for plain error.  *Zinn*, 321 F.3d at 1087.  The government  does not  breach a plea agreement  by failing to move for downward departure based on substantial assistance where the agreement provided only that the government would consider whether the defendant's cooperation qualified for substantial assistance and that this determination was solely for the government.  *See United States v. Forney*, 9

F.3d 1492, 1499 (11th Cir. 1993).

We conclude from the record that the government did not breach the plea agreement by failing to file a U.S.S.G. § 5K1.1 motion for a downward departure because, by the terms of the plea agreement, it was not under an affirmative obligation to do so. Moreover, the district court did not fail to address his motion because only the government can make such a motion. *See* U.S.S.G. 5K1.1.

Anderson finally argues that the district court incorrectly held him accountable for loss generated by his codefendant and, further, the district court incorrectly held him accountable for victims whose losses were duplicative of one particular act.

We review a district court's loss determination for clear error. *United States v. Goldberg*, 60 F.3d 1536, 1539 (11th Cir.1995). If the defendant challenges the amount of loss, the government has the burden of supporting its loss calculation with "reliable and specific evidence." *United States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir. 1999) (citation omitted). "A sentencing court must make factual findings sufficient to support the government's claim of the amount of fraud loss attributed to a defendant in a PSI." *Id.* at 1294. *See United States v. Liss*, 265 F.3d 1220, 1231 (11th Cir. 2001) (remanding case because the district court failed to make factual findings in support of the government's claim detailed in the PSI).

As to victim loss contested by a defendant, "when a defendant alleges a factual inaccuracy in the PSI, the district court must either make a written factual finding on the contested matter or a determination that no such finding is necessary as the matter will not be taken into consideration in sentencing." *United States v. Funt*, 896 F.2d 1288, 1299 (11th Cir. 1990). Similarly, in the context of reviewing the denial of safety valve relief under U.S.S.G. § 5C1.2, we found that we could not "engage in meaningful appellate review of a sentence unless the district court sets out the facts underpinning the guidelines it applied in fashioning the defendant's sentence or the record plainly establishes such facts." *United States v. Reid*, 139 F.3d 1367, 1368 (11th Cir. 1998).

After reviewing the record, we conclude that the district court erred only as to the lack of factual findings by the district court to support the amount of loss and victim impact.

Specifically, the district court erred regarding the amount of loss and victim impact that was used to calculate Anderson's guideline range because, after Anderson challenged the district court's guideline calculations, the government put forward no evidence and  the district court made no factual findings regarding the amount of loss and victim impact. Accordingly, we affirm Anderson's sentence, but vacate and remand for the district court's determination regarding amount of

loss and victim impact.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**