[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13175

_____

D. C. Docket No. 05-00023-CR-HL-7

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MITCHELL L. ANDERSON,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 14, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,[*] Circuit Judges.

PER CURIAM:

--------

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Mitchell Anderson appeals his 48-month sentence imposed after he pled guilty to possession of 5 or more counterfeit identification documents, in violation of 18 U.S.C. § 1028(a)(3) and (b)(1)(A)(ii).[1]  Anderson contends the district court erred in two ways when calculating his advisory Guidelines range.  First, he asserts the district court erred in calculating the amount of loss for the purpose of a four-level enhancement of the offense level under U.S.S.G. § 2B1.1(b)(1).  Second, he contends the district court erred in calculating the number of victims for the purpose of a two-level enhancement of the offense level under U.S.S.G. § 2B1.1(b)(2)(A)(i).  After review, we affirm in part, and vacate and remand in part.

## I.  BACKGROUND

Anderson appeals his sentence for a second time.  At Anderson's first sentencing hearing, the district court outlined the Guidelines computation without making a finding of the amount of loss or the number of victims.  *United States v. Anderson*, 216 F. App'x 886, 889 (11th Cir. 2007).  After stating the Guidelines

---

[1]  Anderson's plea agreement waived any right to appeal his sentence unless the sentence exceeded the advisory Guidelines range or the Government appealed his sentence.  The appeal waiver does not apply here, however, because Anderson's sentence is above the advisory Guidelines range.

range was 21 to 27 months' imprisonment[2] and considering the 18 U.S.C.

§ 3553(a) factors, the court imposed an above-Guidelines sentence of 48 months'

imprisonment. Anderson appealed, and this Court remanded the case for factual

findings as to the amount of loss and victim impact. *Id.* at 889-90. We noted we

could not conduct a meaningful appellate review of these issues based on the

limited record.[3] *Id.*

At resentencing, the district judge stated his belief that the findings in the

presentence investigation report (PSI) were adequate and that further evidence on

the amount of loss and number of victims was unnecessary.[4] According to the

PSI, Anderson and codefendant Kevin Rufus had a total of 16 counterfeit drivers'

licenses with 16 different names and a total of 36 counterfeit checks with routing

---

[2] The PSI determined Anderson's base offense level was 6, pursuant to U.S.S.G. § 2B1.1(a)(2). Anderson received a 4-level increase because the loss was more than $10,000 but less than $30,000, pursuant to § 2B1.1(b)(1)(C); a 2-level increase because the offense involved 10 or more victims, pursuant to § 2B1.1(b)(2)(A)(i); and a 2-level increase because the offense involved taking legitimate checking account numbers and producing checks matching false identifications, pursuant to § 2B1.1(b)(10)(C)(i) and (ii). Anderson then received a 2-level reduction for acceptance of responsibility, pursuant to § 3E1.1(a). The PSI's calculation of Anderson's total offense level was 12. Anderson's criminal history category was IV, and his advisory Guidelines range was 21 to 27 months' imprisonment.

[3] Despite the lack of fact findings on amount of loss and victim impact, we concluded Anderson's 48-month sentence was reasonable. Upon rehearing, however, we amended our opinion by vacating Anderson's sentence and remanding "for the district court to determine the amount of loss and victim impact, and then resentence the appellant." *United States v. Anderson*, 229 F. App's 866 (11th Cir. 2007).

[4] At the resentencing, the Government had a case agent, Daniel W. Reich, ready and available to testify further regarding the amount of loss and number of victims.

3

and account numbers belonging to true account holders. The PSI stated, "[a]s such, the loss equals at least $13,670.81 and the victims total at least thirty-six to include sixteen legitimate account holders, seven financial institutions, twelve Best Buy stores, and one grocery store."

Anderson objected to the amount of loss in the PSI, arguing his codefendant had cashed some of the checks and that he and his codefendant were "accountable for the [eight] checks that were actually negotiated." Anderson also objected to the number of victims, arguing with eight negotiated checks there could be only eight victims. While admitting 12 of the 36 checks listed in the PSI related to him, he argued there were no victims for the checks that were never negotiated. Then he stated, "[w]e contend the total victims to be nine to twelve, something along those guidelines."

The district court stated, "I don't see anything here that has changed other than a technicality when the Court failed to enumerate the victims and make a finding concerning the loss." The court then found the loss attributable to Anderson was $13,670.71 and the number of victims was 36, and accepted the PSI. The court again sentenced Anderson to an above-Guidelines sentence of 48 months' imprisonment and stated it had considered the 18 U.S.C. § 3553(a) factors. Anderson appeals his sentence imposed upon resentencing.

4

## II. DISCUSSION

### A. *Standard of Review*

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In addressing a challenge to the district court's calculation of the Guidelines range, we review the district court's factual findings for clear error and its application of the Guidelines to those factual findings *de novo*. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

### B. *Calculation of Loss Amount*

Anderson contends the district court's finding of the loss amount was erroneous. He asserts the district court erred in two ways: (1) holding him accountable for loss that was created by the acts of his codefendant and (2) holding him accountable for hypothetical losses associated with checks that were not negotiated.

#### 1. *Responsibility for codefendant's conduct*

The Guidelines provide relevant conduct is to be taken into account in determining the offense level. U.S.S.G. § 1B1.3. Section 1B1.3(a) provides relevant conduct includes:

(1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

*See also United States v. McCrimmon*, 362 F.3d 725, 732-33 (11th Cir. 2004) (affirming district court's finding that defendant was responsible under U.S.S.G. § 1B1.3(a)(1)(B) for total loss caused in course of conspiracy); *United States v. LaFraugh*, 893 F.2d 314, 317 (11th Cir. 1990) (holding sentencing court may find defendant accountable for all losses resulting from acts of participants in same course of conduct).

Anderson's argument he should only be attributed one-half the total loss is meritless. The district court was permitted to attribute to Anderson the total loss involved in the counterfeit check scheme as relevant conduct under U.S.S.G. § 1B1.3(a)(1)(A) and (B). It is undisputed (1) Anderson and Rufus were traveling together committing the same offenses, (2) counterfeit checks were found in their car and linked to false identifications possessed by both Anderson and Rufus, and

6

(3) Anderson pled guilty to possessing counterfeit identifications.  Thus, although Anderson was not charged with a conspiracy, he aided and abetted Rufus's conduct and participated in the counterfeit check scheme jointly with Rufus.

## 2.  Non-negotiated checks

Section 2B1.1 of the Sentencing Guidelines provides the offense level for offenses involving counterfeit checks.  U.S.S.G. § 2B1.1.  If the loss was more than $10,000, the offense level is increased by 4.  U.S.S.G. § 2B1.1(b)(1)(C).  The application notes provide the general rule that loss amount is the greater of actual loss or intended loss.  U.S.S.G. § 2B1.1, comment. (n.3(A)).  Actual loss is "the reasonably foreseeable pecuniary harm that resulted from the offense,"  U.S.S.G. § 2B1.1, comment. (n.3(A)(i)), while the intended loss is "the pecuniary harm that was intended to result from the offense,"  U.S.S.G. § 2B1.1, comment. (n.3(A)(ii)).  Intended loss includes "intended pecuniary harm that would have been impossible or unlikely to occur . . . ."  *Id.*  Reasonably foreseeable pecuniary harm is the "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense."  U.S.S.G. § 2B1.1, comment. (n.3(A)(iv)).  In calculating the loss, "[t]he court need only make a reasonable estimate of the loss.  The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence.  For this

7

reason, the court's loss determination is entitled to appropriate deference."

U.S.S.G. § 2B1.1 comment. (n.3(C)).

A district court may consider the full face value of counterfeit checks in making a reasonable calculation of intended loss. *See United States v. Grant*, 431 F.3d 760, 765 (11th Cir. 2005). In *Grant*, we held the defendant's intent is paramount and stated a district court is justified in including a check's full face value in the loss calculation where the evidence indicates the defendant intended to use the full face value of the check. *Id.* at 764-65.

With regard to calculating the amount of loss, as noted in the commentary to U.S.S.G. § 2B1.1, the loss is the greater of actual loss or intended loss. U.S.S.G. § 2B1.1, comment. (n.3(A)). The PSI Addendum states the total loss of $13,670.81 was the actual loss. This loss amount includes $7,619.69 in unnegotiated counterfeit checks and $6,051.12 in receipts from purchases actually made with counterfeit checks. The counterfeit checks in Anderson's and Rufus's possession were not negotiated; therefore, they could not have caused an actual pecuniary harm "that resulted from the offense." *See* U.S.S.G. § 2B1.1, comment. (n.3(A)(i)) (defining actual loss as "the reasonably foreseeable pecuniary harm that resulted from the offense"). Thus, the $6,051.12 in purchases was the actual loss, and $13,670.81 was the intended loss. *See* U.S.S.G. § 2B1.1, comment.

8

(n.3(A)(ii)) (defining intended loss as "the pecuniary harm that was intended to result from the offense").

The district court erred in relying on the PSI for its finding that $13,670.81 was the actual loss. However, any such error was harmless because the district court attributed to Anderson the greater of the actual or intended loss as shown by the receipts and counterfeit checks. *See* U.S.S.G. § 2B1.1, comment. (n.3(A)) (providing the general rule that loss amount is the greater of actual loss or intended loss); *United States v. Foley*, 508 F.3d 627, 634 (11th Cir. 2007) (stating an error is harmless if it does not substantially affect the defendant's sentence); *see also Grant*, 431 F.3d at 765 (holding "when an individual possesses a stolen check . . . for the purpose of counterfeiting, the district court does not clearly err when it uses the full face value of that stolen check in making a reasonable calculation of the intended loss"). Because the intended loss of $13,670.81 was greater than $10,000, the district court did not err in imposing a four-level enhancement for loss of more than $10,000 under U.S.S.G. § 2B1.1(b)(1)(C).

C. *Calculation of Number of Victims*

Anderson also asserts the district court's finding of ten or more victims was erroneous. An offense level is increased by two if the offense involved ten or more victims. U.S.S.G. § 2B1.1(b)(2)(A)(i). The commentary to § 2B1.1 defines

9

"victim" as "any person who sustained any part of the actual loss," and "person" includes individuals and corporations. U.S.S.G. § 2B1.1, comment. (n.1). "[T]he number of victims is defined in relation to the loss calculation," and the district court should attempt to connect the number of victims to its loss calculation. *Foley*, 508 F.3d at 633-34; *see also United States v. Leach*, 417 F.3d 1099, 1107 (10th Cir. 2005) (holding, in a theft of mail by postal employee case, a district court erred in counting as victims, pursuant to U.S.S.G. § 2B1.1(b)(2), individuals who did not suffer any part of the actual loss).

Similar to his argument for loss amount, Anderson first contends he should not be held accountable for the victims of his codefendant. This argument fails here for the same reasons it fails with regard to loss amount. The district court was permitted to attribute to Anderson the total number of victims involved in the counterfeit check scheme as relevant conduct under U.S.S.G. § 1B1.3(a)(1)(A) and (B).

However, the district court erred in calculating the number of victims because it did not attempt to connect the number of victims to the actual loss calculation. *See Foley*, 508 F.3d at 633-34. The PSI, which the district court adopted, summarily concludes that the 36 victims were 16 legitimate account holders, 7 financial institutions, 12 Best Buy stores, and 1 grocery store. We have

10

combed through the record attempting to link the 36 listed victims to the amount of actual loss, but neither the PSI nor the district court attempted to connect these victims to the amount of actual loss in any way.[5]  Additionally, despite repeated opportunities to do so at oral argument, the Government could provide no basis for the PSI's calculation of 36 victims.

The Government argues remand for resentencing is unnecessary because the district court would impose the same sentence of 48 months' imprisonment. Although the district court has twice imposed an above-Guidelines sentence of 48 months' imprisonment, it has done so from a possibly improperly calculated benchmark.  *See Gall*, 128 S. Ct. at 596 (explaining the Guidelines are the starting point and the initial benchmark of the sentence).  The district court very well may impose the same sentence again, but "a district court should begin all sentencing proceedings by *correctly* calculating the applicable Guidelines range."  *See id.* (emphasis added).  Thus, although we are loath to do so, we must vacate and remand for resentencing.

---

[5]  We decline to address Anderson's arguments regarding whether the district court counted unnegotiated checks in its victim calculation, or whether the district court counted multiple victims for a single check.  Because we cannot tell how the district court arrived at the number of 36 victims, we do not know whether the district court committed these actions that Anderson claims would be error.  By mentioning this, we express no opinion on whether these actions would or would not be error; we only conclude the number of victims *must* be tied to the actual loss calculation.

11

### III. CONCLUSION

Although the district court erred in concluding that $13,670.81 was the amount of actual loss rather than the intended loss, this error was harmless because the district court attributed to Anderson the greater of the actual or intended loss. Because the intended loss was greater than $10,000, the district court did not err in imposing a four-level enhancement for loss of more than $10,000. Thus, we affirm the district court on this issue.

However, we vacate and remand in part because the district court erred in its calculation of the number of victims as it made no attempt to connect the number of victims to the actual loss. On remand, the district court is instructed to connect each victim to the amount of actual loss.[6]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[6] Because the district court erred in its calculation of the Guidelines range, we do not address whether Anderson's 48-month sentence is substantively reasonable. We in no way suggest 48 months' imprisonment would or would not be a reasonable sentence.