[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14130
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00475-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO MATISAS MESA,

Defendant-Appellant.

_____

No. 08-14134
Non-Argument Calendar
_____

D. C. Docket No. 07-00475-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO DIAZ-SOLER,

Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Florida

(April 2, 2009)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Eduardo Diaz-Soler and Orlando Matisas Mesa ("the defendants") appeal from their convictions for conspiracy to manufacture 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(b)(1)(A)(vii), 846. On appeal, they argue that: (1) the government breached their plea agreements by objecting to the application of the safety valve; and (2) the district court clearly erred in denying them safety valve and acceptance of responsibility sentencing reductions and in applying an obstruction of justice enhancement. After thorough review, we affirm.

We review "the denial of a request to withdraw a guilty plea for abuse of discretion." United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation omitted). "Whether the government has breached a plea agreement[, however,] is a question of law that [we] review[] de novo." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). We review for clear error a district court's factual determinations and subsequent denial of safety valve relief. United States v. Camacho, 261 F.3d 1071, 1073 (11th Cir. 2001) (citation omitted).

The relevant facts are these. Diaz-Soler and Mesa pled guilty pursuant to a plea agreement to a conspiracy charge. Subsequently, the government alleged that the defendants changed their stories relating to their codefendants' roles in the offense of conviction and, at the government's request, a revised presentence investigation report recommended that they be denied safety valve relief and an acceptance of responsibility reduction and receive an enhancement for obstructing justice. As a result, Diaz-Soler moved to withdraw his guilty plea and Mesa moved for specific performance of the plea agreement in relation to the application of the safety valve. The district court denied those motions and, at sentencing, denied them safety valve relief and a reduction for acceptance of responsibility, imposed an obstruction of justice enhancement, and sentenced them to the mandatory minimum of 120 months' imprisonment. They now timely appeal.

First, we find no merit in the defendants' claim that the government breached their plea agreements. It is undisputed that a material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. Santobello v. New York, 404 U.S. 257, 262 (1971). Whether the government violated a plea agreement is judged according to the defendant's reasonable understanding of the agreement at the time he entered the plea. United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992). If the government disputes the

3

defendant's understanding, however, we determine the terms of the agreement according to objective standards. Id. When analyzing a plea agreement: (1) we do not apply a hyper-technical and rigid construction of the language; (2) the written agreement should be viewed against the background of the negotiations and should not be interpreted to contradict directly an oral understanding; and (3) an ambiguous plea agreement must be interpreted against the government. Id. When a breach of an agreement by the government has been established, we may remand the case to the district court, which may order specific performance of the agreement or allow withdrawal of the plea. Santobello, 404 U.S. at 262-63.

"Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement." United States v. Block, 660 F.2d 1086, 1090-91 (5th Cir. Unit B Nov. 1981)  (discussing a plea agreement where the government promised not to take a position on the sentence).[1]  "A prosecutor has a duty to insure that the court has complete and accurate information concerning the defendant. . . ." Id. at 1091. "Thus if an attorney for the Government is aware that the court lacks certain relevant factual information or that the court is laboring under mistaken premises, the attorney, as a prosecutor and officer of the court, has

[1] Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir.1982) (stating that Unit B decisions of the former Fifth Circuit are binding precedent in this Court).

the duty to bring the correct state of affairs to the attention of the court." Id. (internal citations omitted). "[T]he Government does not have a right to make an agreement to stand mute in the face of factual inaccuracies or to withhold relevant factual information from the court." Id. at 1092.

A district court shall impose a sentence pursuant to the guidelines, without regard to any statutory maximum if, inter alia, the court finds that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). In Mahique, the government "agreed not to oppose Mahique's request to be sentenced under the safety-valve provision 'if he is eligible, and the Court makes appropriate findings regarding the criteria . . . .'" 150 F.3d at 1331. "Mahique made a full confession, but then attempted to retract part of his admissions during his interview for the presentence report," and the government opposed application of the safety valve. Id. Mahique moved to withdraw his plea based on the government's breach. We found that the government had not breached the plea agreement by opposing application of the safety valve:

> The government's promise in the plea agreement not to oppose Mahique's request to be sentenced under the safety-valve provision was conditioned on him being eligible for the provision and the district court finding that he met all criteria for application of the provision. . . . Because the government argued that Mahique was

ineligible for the safety-valve provision since he did not meet the criteria -- a condition of the plea agreement -- there was no breach.

Id. at 1332.

Here, the district court did not err by denying the defendants' challenges to their plea agreements. The government had a duty to inform the district court of the defendants' inconsistent statements, and it specifically reserved in their plea agreements the right to report relevant factual information to the district court in connection with sentencing. See Block, 660 F.2d at 1091-92. Those statements made them ineligible for the safety valve, and the government's promise to not oppose their request for application of the safety valve was conditioned on their first qualifying for the safety valve. See Mahique, 150 F.3d at 1330-32.

We also reject the defendants' challenge to the district court's application of the Guidelines provisions. Section 5C1.2(a) of the Sentencing Guidelines provides that, for offenses under 21 U.S.C. § 841, among others, if the defendant meets five criteria, the court may impose a sentence in accordance with the applicable guidelines range without regard to any statutory mandatory minimum sentence. The record supports, and the parties do not dispute, that Diaz-Soler and Mesa meet four of the criteria. The fifth criterion requires that:

not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5).

The last prong of the safety-valve provision places on the defendant "an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004) (quotation omitted). A district court may not apply the safety valve if it determines that the defendant withheld or misrepresented information even if the information would not have aided further investigation or prosecution if properly disclosed. United States v. Figueroa, 199 F.3d 1281, 1282-83 (11th Cir. 2000). In determining the honesty of a defendant, the district court must independently assess the facts and may not rely on the government's assertion of dishonesty. United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999).

Conspiracy to commit an offense carries the same penalty as prescribed for the offense. 21 U.S.C. § 846. The statutory minimum

sentence for possessing 1,000 or more marijuana plants is 10 years. 21 U.S.C. § 841(b)(1)(A)(vii). If the statutorily required minimum sentence is greater than the maximum applicable guideline range, the statutorily required minimum sentence becomes the guideline sentence. U.S.S.G. § 5G1.1(b). Where "the district court correctly imposed the statutory mandatory minimum sentence, any error in the guidelines calculations is harmless and we need not address" challenges to the guidelines calculations. United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).

The district court did not clearly err in denying Diaz-Soler and Mesa the safety valve because the district court found that both defendants had changed their stories, and because these inconsistent statements to the government made them ineligible. See Figueroa, 199 F.3d at 1282-83; U.S.S.G. § 5C1.2(a)(5). Moreover, since the district court correctly sentenced Diaz-Soler and Mesa to the mandatory minimum sentence, we decline to address their challenges to the imposition of an obstruction of justice enhancement and denial of an acceptance of responsibility reduction. See Raad, 406 F.3d at 1323 n.1.

**AFFIRMED.**