[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10249
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:08-cr-60165-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DEHANEY, a.k.a. Ewart Dehaney,
a.k.a. Ewart Anthony Dehaney,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Anthony Dehaney, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for specific performance of his plea agreement. Dehaney contends the district court erred by failing to order the government to move to reduce his sentence based on his assistance in other criminal cases pursuant to Federal Rule of Criminal Procedure 35. Dehaney claims the government made a binding promise during plea negotiations to move for a reduction of his sentence if he provided such assistance.[1]

Whether the district court can compel the government to file a substantial-assistance motion is a question of law this Court reviews *de novo*. *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). This Court also reviews *de novo* whether the government breached a plea agreement. *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998).

Upon a motion from the government pursuant to U.S.S.G. § 5K1.1 or Rule 35, the district court may reduce a defendant's sentence based on his substantial assistance in other investigations or prosecutions. "[I]f the defendant has already received a reduction of sentence under U.S.S.G. § 5K1.1 for substantial

---

[1] Dehaney mentions in his initial brief that his total sentence exceeded the statutory maximum, and that he was coerced into entering the plea agreement. Although he is entitled to a liberal construction as a *pro se* litigant, he has abandoned or otherwise failed to preserve these challenges on appeal by only isolated passing references to them. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

pre-sentencing assistance, he or she may not have that assistance counted again in a post-sentence Rule 35(b) motion." Fed. R. Crim. P. 35(b), advisory committee's note to the 1998 amendments.

The government has a "power, not a duty," to file a Rule 35 motion when the defendant has provided substantial assistance. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). Ordinarily, "the courts are precluded from intruding into prosecutorial discretion" regarding whether to file a Rule 35 motion. *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993). We may review the government's failure to file a Rule 35 motion, however, when the defendant makes a substantial threshold showing that the prosecution refused to move for a reduction because of a constitutionally impermissible motivation, such as race, religion, or other arbitrary classification. *Id*. at 1501–02 & n.4.

Contrary to Dehaney's assertion on appeal, the government filed a pre-sentence § 5K1.1 motion, and the district court granted the motion and reduced his sentence one month below the guidelines. There is no evidence that Dehaney has provided any additional substantial assistance since sentencing to warrant a supplemental Rule 35 motion. Even if he had provided such assistance, Dehaney asserts no unconstitutional impropriety upon which the district court could have

3

reviewed the government's exercise of discretion in this matter, and the

government did not breach the plea agreement by failing to file a second motion to

reduce his sentence.[2]  The district court did not err in denying Dehaney's motion

for specific performance of the plea agreement.  Accordingly, we affirm.

**AFFIRMED.**

---

[2] The plea agreement merely provides that the government may decide to file a motion to under Rule 35 or § 5K1.1 in its "sole and un-reviewable judgment."  The plea agreement further states: "The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation."